STATE OF NORTH CAROLINA v. JOSEPH A. BILLINGER

No. 7012SC522

(Filed 21 October 1970)

1. Automobiles § 131; Criminal Law § 114— instructions — expression of opinion

Where an instruction in a hit-and-run prosecution could have led the jury to believe that the court was of the opinion that the defendant was the driver of the automobile, the judgment of conviction must be reversed.

2. Criminal Law § 112— issue of guilt — burden of proof

When a defendant pleads not guilty, the burden is on the State to prove every element of the offense beyond a reasonable doubt.

3. Criminal Law § 118— instructions — contentions of the parties — equal stress

While the trial court is not required to state the contentions of the litigants at all, when the court does undertake to state the contentions of one party it must also give equal pertinent contentions of the opposing party.

4. Criminal Law § 118; Automobiles § 131— instructions — unequal stress on the contentions

In a prosecution charging defendant with the failure to render reasonable aid and assistance in an automobile accident, trial court's instructions were erroneous in failing to give equal stress to the contentions of the defendant; moreover, the trial court, in giving the State's contentions, was not warranted in charging that the only reasonable inference to be drawn from the evidence was that defendant was the driver of the automobile involved in the accident.

APPEAL by defendant from *Clark, J.,* 27 April 1970 Session, HOKE Superior Court.

By indictments proper in form defendant was charged with (1) being the driver of a motor vehicle involved in an accident resulting in injury to certain persons and failing to stop his vehicle at the scene of the accident, and (2) being the driver of a motor vehicle involved in an accident resulting in personal injury and failing to give his name, address, operator's license number, etc., to the other persons involved in the accident, and failing to render reasonable aid and assistance to the injured persons. Defendant pleaded not guilty to all charges.

Evidence presented by the State is summarized as follows:

At around 9:00 p.m. on 25 October 1969 Mr. Smith Mc-Innis, accompanied by his wife and her mother, was operating his automobile on Harris Avenue near Crumpler Funeral Home in the Town of Raeford. He was traveling approximately 15 m.p.h in anticipation of making a left turn and was violently struck from behind, causing considerable damage to his car and injury to himself and his companions. After the collision, Mr. McInnis observed a 1961 Chevrolet with a damaged front end near the point of impact but did not see the driver.

Witnesses Crumpler and Long were at the Funeral Home and on hearing the collision immediately rushed to the scene. Mr. Long and Mr. Crumpler saw defendant as the sole occupant of the Chevrolet and although they were not personally acquainted with defendant and did not know his name, they identified him at trial as being the sole occupant of the car.

Following the collision, Police Officer Motley investigated the accident. By checking registration files, he learned that one Ernest Jackson was the owner of the Chevrolet. After going to Jackson's home and talking with him, he went to defendant's home where he had a conversation with defendant's wife. Thereafter he had a warrant issued on information and belief charging defendant with the offenses set forth in the bills of indictment.

Defendant did not introduce any evidence and the case was submitted on the second count only. The jury found defendant guilty and from judgment imposing active prison sentence, he appealed.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Assistant Attorney General T. Buie Costen for the State.*

*Philip A. Diehl for defendant appellant.*

BRITT, Judge.

In his first assignment of error defendant contends that the in-court identification of him given by the witness Long was tainted by an illegal out-of-court viewing of the defendant by the witness, therefore, was inadmissible. Suffice to say we have carefully considered this contention and the authorities cited by defendant in support thereof but conclude that it is without merit. The assignment of error is overruled.

[1]    In his second assignment of error defendant challenges the correctness of the following instruction of the trial judge to the jury:

> "I am allowing the defendant's motion for nonsuit on that first count and as all the evidence tends to show he did stop there; so the only question before you is whether the defendant is guilty or not guilty of a second count in the bill, which I am consolidating all in one count, that of failing to give certain specified information and failing to render reasonable assistance to injured persons; that is Katie Maxwell McInnis, the wife of the witness who testified, Mr. Smith McInnis, Mr. Smith McInnis and Mrs. J. D. Maxwell, Smith McInnis' mother-in-law."

[1, 2]    Defendant contends that in his portion of the charge the court expressed an opinion as to "whether a fact is fully or sufficiently proven" in violation of G.S. 1-180. We are constrained to agree with his contention. It is well settled that when a defendant pleads not guilty the burden is on the State to prove every element of the offense beyond a reasonable doubt. 3 Strong N. C. Index 2d, Criminal Law, § 112, pp. 4-5. In the instant case as submitted to the jury one of the elements of the offense necessary for the State to prove beyond a reasonable doubt was that defendant was the driver of the automobile which collided with the automobile operated by Mr. McInnis. We think the jury could reasonably conclude from the challenged instruction that the court was of the opinion that the defendant "did stop," therefore was the driver of the offending automobile. The assignment of error is sustained.

[3, 4]    In his third assignment of error, defendant challenges the following instruction to the jury:

> "The State further contends and says that you may make reasonable inferences from the evidence and the evidence in this case tends to show that the assistant chief of police made an investigation, that he went to the home of the registered owner and the evidence tends to show after going to the home of the registered owner, he went directly to the home of the defendant and it was not long after that the officer took out a warrant for the defendant before a magistrate, for the defendant's arrest; *that the only inference you can draw from such evidence, and the only*

*reasonable inference is that the investigation revealed that the defendant was the operator."* (Emphasis ours.)

It is well settled in this jurisdiction that while the trial court is not required to state the contentions of the litigants at all, when the court does undertake to state the contentions of one party it must also give equal pertinent contentions of the opposing party. 3 Strong N. C. Index 2d, Criminal Law, § 118, p. 28; *State v. King,* 256 N.C. 236, 123 S.E. 2d 486 (1961). In the case at bar we think the able trial judge in stating contentions inadvertently failed to give "equal stress" to the defendant. Furthermore, we do not think the inference stated in the last quoted instruction was a reasonable one for the court to include in its charge to the jury. *State v. Wyont,* 218 N.C. 505, 11 S.E. 2d 473 (1940). The assignment of error is sustained.

For errors in the charge prejudicial to the defendant, there must be a

New trial.

Judges CAMPBELL and VAUGHN concur.