State v. Pittman

Judges MORRIS and PARKER concur.

---

STATE OF NORTH CAROLINA v. LEWIS CLARK PITTMAN, JR.

No. 7118SC543

(Filed 15 September 1971)

1. Burglary and Unlawful Breakings § 5— breaking and entering — sufficiency of evidence
    State's evidence, including testimony that defendant's fingerprints were found on pieces of broken glass at the crime scene, *held* sufficient to be submitted to the jury in this prosecution for felonious breaking and entering of an automobile supply store.

2. Criminal Law § 113— instructions — application of law to evidence
    The trial judge failed to apply the law to the facts in evidence as required by G.S. 1-180 where he merely read the statute under which defendant was charged and summarized the contentions of the parties.

**3. Burglary and Unlawful Breakings § 7— failure to submit nonfelonious breaking or entering**

> In this prosecution for felonious breaking or entering, the trial court erred in failing to submit for jury consideration the lesser included offense of nonfelonious breaking or entering.

APPEAL by defendant from *Johnston, Judge,* 29 March 1971 Session of Superior Court held in GUILFORD County.

At an earlier trial defendant was convicted of felonious breaking or entering and felonious larceny. Defendant's motion to set aside the verdict on the larceny count was allowed. Defendant appealed and, for errors committed in the admission of certain evidence, was granted a new trial in a decision reported in 10 N.C. App. 508. At defendant's retrial on the count of felonious breaking or entering the evidence was, in summary, as follows.

The Western Auto Supply Company store, located at 300 North Elm Street, Greensboro, North Carolina, was closed and locked by its manager at approximately 7:00 p.m., 6 August 1970. When the manager returned at approximately 8:15 a.m., 7 August 1970, he discovered the store had been broken into and entered. A glass, approximately 22 by 32 inches, in the service bay door nearest the retail part of the store had been broken; the locked access door between the retail department and service department of the store had been broken; and the lock on the rear exit door had been sawed off and a bar covering this door removed. The bar and a hacksaw were near the rear exit door. An inventory disclosed that ten television sets, a phonograph, three automobile tape players, and a tape recorder were missing, at a total value of $1277.00. No one had been authorized to enter the building to take this property. The defendant's fingerprints were found on pieces of broken glass at the service bay door. There were several drops of blood near the service bay door and a small amount of blood on the door leading from the service area to the retail store. The defendant had a small cut on his right thumb covered with a bandage on 9 August 1970 at the time of his arrest.

The defendant's evidence tended to show that he had been to the Western Auto Store a few days before his arrest, and was called to the service department by a friend who wanted some change to buy gin. In getting the change from his pocket,

the defendant dropped some coins. After going to his hotel room, about four blocks away, he discovered he had lost his key. He went back to the store, where the service department door was down, and knelt down to look for his key. Since he was not able to find his key on the outside, he went inside the store and obtained permission to look for his key on the inside near the service department door where entry was made and the glass broken. The key was found, and the defendant may have placed his fingers on the door on the inside and outside in looking for his hotel key. His finger was cut on a pool table when he struck the table with his thumb in breaking the balls. The defendant had a criminal record, including convictions of breaking and entering and larceny.

The jury returned a verdict of guilty. From judgment imposing an active prison sentence, the defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Assistant Attorney General William B. Ray for the State.*

*Assistant Public Defender for the Eighteenth Judicial District R. D. Douglas III for defendant appellant.*

VAUGHN, Judge.

[1] The State, in a diligently prepared case, presented evidence which was more than sufficient to withstand defendant's motions for nonsuit. Defendant's assignments of error based on the denial of these motions are overruled.

[2] Defendant's assignments of error directed to the charge of the court are meritorious. In a very brief charge the court's explanation of the law consisted largely of a reading of the statute under which defendant was charged.

"When a person is on trial, charged with having committed a statutory crime, it is not sufficient for the court merely to read the statute under which he stands indicted. The statute should be explained, the essential elements of the crime thereby created outlined and the law as thus defined should be applied to the evidence in the case. [citations omitted] This 'calls for instructions as to the law upon all substantial features of the case.' " *State v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921.

" 'It is the duty of the court to state the evidence "to the extent necessary to explain the application of the law" arising thereon.' " *Seed Co. v. Mann,* 258 N.C. 771, 129 S.E. 2d 488. In this charge the court made no reference to the evidence except in a short statement as to the contentions of the parties. This is generally held to be insufficient. *Bulluck v. Long,* 256 N.C. 577, 124 S.E. 2d 716; *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196.

[3] Under the facts of this case, it was also error for the court to fail to submit for jury consideration the lesser included offense of nonfelonious breaking or entering.

For prejudicial errors in the charge of the court there must be a new trial.

New trial.

Judges BROCK and GRAHAM concur.