STATE OF NORTH CAROLINA v. PRESTON LANE

No. 733SC193

(Filed 23 May 1973)

**1. Robbery § 5— failure to submit lesser included offense to jury — no error**

Though there may have been a conflict in the State's evidence as to how much, if any, money the victim had on his person, the evidence did not tend to show that anything other than a robbery took place, and the trial court properly failed to instruct the jury on the lesser included offense of an assault.

**2. Criminal Law § 118— failure to state contentions of defendant — new trial**

The trial judge is not required to state the contentions of both the State and the defendant; however, defendant in this robbery case is entitled to a new trial where the trial court undertook to state the contentions of the State but failed altogether to state those of defendant.

APPEAL by defendant from *Wells, Judge,* 25 September 1972 Session of PITT Superior Court.

Defendant was tried for common law robbery. The State's evidence tended to show that on 1 July 1972, Landis Webster, age 80 years, received a welfare check in the mail in the amount of $139.00. He cashed the check in the morning, bought about $25.00 worth of groceries, and gave James Redmond $90.00 to hold for him. Webster kept $20.00.

Sometime between sundown and dark Webster got the $90.00 from Redmond, giving him the $20.00 that Webster had previously retained. As he was walking home, the defendant, Preston Lane, put a knife to Webster's throat and took his billfold containing the $90.00. Webster was acquainted with defendant Lane, saw his face at the time of the robbery, and recognized his voice.

James Redmond's testimony as a witness for the State corroborated some of Webster's testimony, and contradicted portions of it. Redmond first testified that Webster exchanged his $20.00 for the $90.00 about midday; then on cross-examination he said the exchange took place about 9:00 p.m.; and on redirect examination, Redmond testified that Webster did not take the $90.00 until about 11:00 at night.

Defendant was found guilty by a jury, and sentenced to imprisonment for a term of ten years.

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*William E. Grantmyre for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant asserts that it was error for the trial court to fail to instruct the jury on the lesser included offense of an assault. This argument is based on the conflict in the State's evidence as to how much, if any, money the victim had on his person. This contention requires the jury to accept part of the State's evidence and reject a part of it. In the instant case the evidence for the defendant amounted to a denial of any participation in the crime. There was no controverting evidence that something other than a robbery took place. The defendant was not entitled to an instruction on a lesser offense.

> "Where all the evidence at the trial of a criminal action, if believed by the jury, tends to show that the crime charged in the indictment was committed as alleged therein, and there is no evidence tending to show the commission of a crime of less degree, it is not error for the court to fail to instruct the jury that they may acquit the defendant of the crime charged in the indictment and convict him of a crime of less degree. . . ." *State v. Cox*, 201 N.C. 357, 160 S.E. 358 (1931).

[2] The defendant also assigns as error the failure of the trial court in the instructions to the jury to give the contentions of the defendant. The trial judge reviewed the testimony both for the State and for the defendant in considerable detail. The court then stated the contentions of the State but did not state the contentions of the defendant.

G.S. 1-180 does not require the trial judge to state the contentions of either party. The statute does require, however, that the trial judge, "give equal stress to the State and defendant in a criminal action." Where the court gives the State's contentions but gives no contentions of the defendant, this mandate of G.S. 1-180 is not satisfied. For failure to state the contentions of the defendant after having undertaken to state the contentions of the State, a new trial must be ordered. *State v.*

*Crawford*, 261 N.C. 658, 135 S.E. 2d 652 (1964). *State v. Billinger*, 9 N.C. App. 573, 176 S.E. 2d 901 (1970).

New trial.

Judges HEDRICK and VAUGHN concur.