STATE OF NORTH CAROLINA v. RANDY KING

No. 7319SC813

(Filed 9 January 1974)

**1. Obstructing Justice— obstructing police officer — variance**

There was no variance between allegation and proof where the warrant charged defendant with obstructing an officer while the officer was attempting to arrest defendant and the evidence showed

State v. King

that defendant obstructed the officer both when defendant's companion was arrested and when an attempt was made to arrest defendant.

2. **Arrest and Bail § 6— resisting unlawful arrest — firing of shotgun — unreasonable force**

Defendant's firing of a shotgun at an officer did not constitute reasonable force in resisting an unlawful arrest without a warrant for a misdemeanor not committed in the officer's presence.

APPEAL by defendant from *Seay, Judge,* 4 June 1973 session of RANDOLPH County Superior Court. The defendant, Randy King, was charged in a bill of indictment with the felony of assault on a law enforcement officer with a firearm and in a warrant with obstructing a public officer in the performance of his duties. The latter had been appealed from district court, and the two were consolidated for trial. The verdict was guilty of obstructing a public officer and guilty of assault with a deadly weapon, a lesser included offense of the felony charged. From a judgment imposing an active sentence, the defendant gave notice of appeal.

Patrolman D. W. Carter testified that he noticed a vehicle driving in an erratic manner at 7:45 on the evening of 10 June 1972. After stopping the vehicle and observing the driver, E. P. Burrows, Jr. (Burrows), Officer Carter placed Burrows under arrest for driving while under the influence of alcohol. The defendant Randy King (King) was a passenger in the Burrows automobile. While Officer Carter was preparing to search Burrows, King got out of the car and told Officer Carter he wasn't going to arrest anybody. Having been told to go back to his car, King said he was going to get a gun and blow Officer Carter's head off. At this time Officer Carter radioed for assistance.

King went to Burrows' car and returned carrying a 4½ foot slab of wood which he started swinging. Officer Carter informed King that he was going to place him under arrest for interfering with an officer. King continued to advance swinging the slab of wood. Officer Carter sprayed King with Mace to stop him. King backed up and then started forward again swinging the slab of wood. Officer Carter used the Mace again, and King fell back. King started to advance once more when some members of King's family drove up and tried to calm him down. King escaped by running into the woods nearby.

Officer Skelton arrived at the scene in response to the radio call for assistance. He was briefed on the events including

the threat to blow Officer Carter's head off. Officer Carter drove off to take Burrows to jail, and Officer Skelton stayed with the Burrows car awaiting the wrecker. Shortly afterward, Officer Skelton saw the defendant in the woods about 50 feet away with a shotgun in his hands. Officer Skelton got his shotgun from the patrol car, and the defendant ran into the woods. The defendant's father came and offered to "go down there and get that boy." Officer Skelton ducked down beside a power pole, and a shotgun blast went off, striking the pole just above the Officer's head. He returned the fire and heard someone run away through the woods. The defendant's father brought him to jail the following morning.

*Attorney General Robert Morgan by Assistant Attorneys General William B. Ray and William W. Melvin for the State.*

*Bell, Ogburn and Redding by John N. Ogburn, Jr., for the defendant.*

CARSON, Judge.

[1] Defendant's first assignment of error relates to whether there is a fatal variance between the allegations of the warrant for interfering and the proof adduced. The warrant charges the defendant with obstructing an officer while the officer was discharging a duty of his office—making an arrest of the defendant. The defendant claims the violation, if any, occurred while the officer was attempting to arrest Burrows and hence a fatal variance. The defendant cites *State v. Allen,* 14 N.C. App. 485, 188 S.E. 2d 568 (1972), in support of his contention.

In the Allen case the officer had arrested Bruce Allen for driving under the influence. Some fifteen minutes after Bruce Allen had been placed in the patrol car, the officer had an argument with Walter Allen, a passenger in the vehicle. Bruce Allen got out of the car and struck the officer during the argument. He was charged with obstructing an officer while the officer was in the performance of his duties: to wit, arresting *Bruce* Allen. In reversing, this Court held that nonsuit should have been granted to Bruce Allen because of the fatal variance between the allegations and proof. Bruce Allen had peacefully submitted to the arrest some fifteen minutes earlier and obstructed only when the officer was attemping to arrest Walter **Allen.**

State v. King

The facts in the instant case are clearly distinguishable from the Allen case. Officer Carter had not completed his arrest of Burrows when King started obstructing the officer. Furthermore, King continued to resist violently after being told that Officer Carter was going to arrest him also. He continued to advance on Officer Carter swinging the slab of wood in such a manner that Mace had to be used three times. It is clear that King obstructed Officer Carter both when the arrest of Burrows was made and also when the attempt to arrest King was made.

[2] Defendant next contends that Officer Skelton had no authority to arrest without a warrant for a misdemeanor not committed in the officer's presence and that the defendant could use reasonable force to resist the unlawful arrest. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969) ; *State v. Jefferies,* 17 N.C. App. 195, 193 S.E. 2d 388 (1972). While the defendant's statement of the principle of law is correct, the application to the facts here is incorrect. Firing a shotgun at the officer under the existing circumstances was clearly unreasonable and excessive force. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954) ; 1 Strong, N. C. Index, Arrest and Bail, § 6 p. 278.

The defendant's remaining assignments of error pertain to the judge's charge. Considering the charge in its entirety, we feel that the trial court correctly and properly charged the jury as required. He instructed the jury on the elements of each offense as well as the lesser included offenses as appropriate. *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393 (1971). He correctly refused to charge on lesser included offenses which were not supported by the evidence. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971) ; *State v. Curtis,* 18 N.C. App. 116, 196 S.E. 2d 278 (1973). The proper instructions as to the quantum of proof were given as were other necessary instructions. *State v. Billinger,* 9 N.C. App. 573, 176 S.E. 2d 901 (1970). Viewed contextually and in its entirety, the trial court correctly charged the jury as required. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971) ; *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970).

No error.

Chief Judge BROCK and Judge MORRIS concur.