STATE OF NORTH CAROLINA v. JOHN MOODY REISCH

No. 733SC775

(Filed 9 January 1974)

1. Criminal Law § 51— expert testimony — finding that witness expert
      Ruling by the trial court admitting testimony that tablets were LSD amounted to a finding by the court that the witness offering the testimony was qualified as an expert.

2. Criminal Law § 118— contentions of parties — instructions
      Though the trial court may have emphasized discrepancies in defendant's evidence more than those in State's evidence, defendant was not prejudiced, since the court is not required to give equal time to each side, but is required only to give a clear instruction applying the law to the evidence and giving the positions taken by the parties as to the essential features of the case.

ON *certiorari* to review the order of *Tillery, Judge,* 26 March 1973 Session of CARTERET County Superior Court.

Defendant was charged in a valid bill of indictment with the distribution of two tablets of Lysergic Acid Diethylmide— commonly known as L.S.D. Defendant pled not guilty, and the jury returned a verdict of guilty.

*Attorney General Morgan, by Assistant Attorney General Matthis, for the State.*

*David S. Henderson and Benjamin H. Baxter, Jr., for defendant appellant.*

MORRIS, Judge.

[1]   Defendant assigns error to the trial court's allowing P. T. Williamson of the S.B.I. to give testimony identifying as L.S.D. the two tablets transferred to an undercover agent of the S.B.I. He contends that it was improper for the court to allow this testimony without an express ruling that he was an expert in the field of forensic chemistry. Furthermore, contends defendant, the record is devoid of evidence which would support such a finding. There is no merit to this assignment of error.

"In the absence of a request by the appellant for a finding by the trial court as to the qualification of a witness as an expert, it is not essential that the record show an express finding on this matter, the finding, one way or the other, being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness. (Citations omitted.)" *State v. Perry*, 275 N.C. 565, 572, 169 S.E. 2d 839 (1969).

Defendant would have us distinguish his case from the *Perry* case in that he objected to the expert testimony, whereas defendant in *Perry* did not. Whether the ruling of the trial court in admitting expert testimony is a ruling on an objection is immaterial. The ruling admitting the proferred testimony amounts to a finding by the court that the witness is qualified as an expert.

[2]   Defendant next assigns error to the following portions of the court's instruction to the jury:

"The defendant further offered evidence which in substance tends to show that Mr. Maness, his uncle, recalled that with reasonable certainty but not a hundred percent, that the defendant was in his company all of that day and that he must have spent the night there because there was only one way he could get out after he put the lock on the door and that would have been for Mr. Maness to unlock it for him. And that is what some of the evidence for the defendant tends to show. Again, I have not undertaken to give it all but so much as necessary to explain the law."

Defendant contends that this constitutes a comment on the evidence in violation of G.S. 1-180. We do not agree. The trial court may have—as defendant contends—emphasized discrepancies in defendant's evidence more than those in State's evidence, but we see no prejudice to defendant. The court is not required to

give equal time to each side; nothing more is required than a clear instruction applying the law to the evidence and giving the positions taken by the parties as to the essential features of the case. *State v. Sanders*, 276 N.C. 598, 174 S.E. 2d 487 (1970); *State v. Thompson*, 257 N.C. 452, 126 S.E. 2d 58 (1962).

No error.

Judges HEDRICK and VAUGHN concur.