STATE OF NORTH CAROLINA v. ROGER LEE VAIL

No. 753SC144

(Filed 21 May 1975)

1. Criminal Law § 118— statement of contentions

The trial judge is not required to give the contentions of the parties, but when he does state the contentions of the State on a particular aspect of the case, it is error to fail to state defendant's opposing contentions arising out of the evidence, or lack of evidence, on the same aspect of the case.

2. Criminal Law § 118— instructions — use of word "contends" — failure to state defendant's contentions

Where the trial court did not state the contentions of the State but used the word "contends" in referring to the evidence for the purpose of explaining the law applicable thereto, the court did not err in failing to state the contentions of defendant.

APPEAL by defendant from *Martin (Perry), Judge.* Judgment entered 8 August 1974, in Superior Court, PITT County. Heard in the Court of Appeals 15 April 1975.

To charges of breaking or entering a grocery store in Farmville and larceny therefrom, defendant pled not guilty.

The State's evidence tended to show that Sgt. W. B. Barber of the Farmville Police Department, investigated a break-in at Heath's grocery, where he found the back door prized open, and a drawer from the cash register and a money bag from the unlocked safe were missing. His investigation led to defendant, who was confronted and advised of his rights against self-incrimination. He signed a written waiver and made a full confession, which was reduced to writing. After voir dire, the trial court found the confession admissible, and no error is assigned to this ruling. After confession, defendant led the officer to stolen money, which he had hidden in his grandfather's house.

Defendant testified that he was coerced into signing a statement which he did not make; that he won $62.00 that night playing poker; and that he knew nothing about the break-in and larceny.

The jury found defendant guilty as charged, and from judgment imposing consecutive prison sentences, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James L. Blackburn for the State.*

*William E. Grantmyre for defendant appellant.*

State v. Vail

CLARK, Judge.

We find that the only assignment of error which merits discussion relates to the charge of the trial court in stating the contentions of the State and failing to give the contentions of the defendant.

[1] The trial judge is not required by G.S. 1-180 or other law to give the contention of the parties; but when he does state the contentions of the State on a particular aspect of the case, it is error to fail to state defendant's opposing contentions arising out of the evidence, or lack of the evidence, on the same aspect of the case. *State v. Thomas,* 284 N.C. 212, 200 S.E. 2d 3 (1973); *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968); *State v. King,* 256 N.C. 236, 123 S.E. 2d 486 (1962); *State v. Lane,* 18 N.C. App. 316, 196 S.E. 2d 597 (1973).

[2] In his charge to the jury the trial judge made no attempt to present fully the theories or contentions of either the State or the defendant. We find twice in the charge the use of the word "contends", both occurring in a single paragraph when the trial judge defined the elements of breaking or entering.

It is apparent that the word "contends" was used by the trial court in referring to a limited portion of the State's evidence for the purpose of making an explanation of what constituted a "breaking" and what constituted an "entry", or a recital of what the State's evidence "tended to show" as to that phase of the case in order properly to explain and apply the law thereto. It is noted that the defense was alibi, and that there was no conflicting evidence as to the break-in and entry of the store building. The trial judge did not invade the province of the jury with respect to inferences to be drawn from the facts in evidence. While we do not approve the use of the words "contends and says" in referring to the evidence for the purpose of explaining the law applicable thereto, we find that under the circumstances of this case, there was no prejudicial error.

Judges MORRIS and VAUGHN concur.