STATE OF NORTH CAROLINA v. BENNIE "TOOTIE" ALSTON

No. 7815SC413

(Filed 3 October 1978)

**Criminal Law §§ 114.2, 117.1 — charge on contentions, evidence, credibility of witnesses — no expression of opinion**

The trial court did not express an opinion in violation of G.S. 1-180 in questioning witnesses for the purpose of clarifying their testimony, in recapitulating the evidence when his recapitulation was preceded by the phrase, "I believe the evidence tends to show," in instructing the jury that the credibility of the witnesses was for them to determine, or in instructing on the parties' contentions, though more time was spent on the State's contentions than on those of defendant.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 5 January 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 30 August 1978.

Defendant was charged in a bill of indictment proper in form with receiving stolen property, to wit: two stereo speakers, "knowing and having reasonable grounds to believe the property to have been feloniously stolen, taken and carried away." Upon the defendant's plea of not guilty, the State presented evidence tending to show the following:

James Kelly Thompson, his wife Pat Thompson, and Danny Oakley broke and entered the trailer of Robert Doswell and stole, among other things, two stereo speakers. Subsequently they took the speakers to the defendant Bennie Alston, told him they were stolen and asked if he wanted to buy them. The defendant then bought the speakers.

The defendant presented evidence tending to show the following: Danny Oakley could not recall whether Bennie Alston was told that the speakers were stolen. Kelly Thompson and Danny Oakley were permitted to make favorable plea bargains. Pat Thompson had not been tried for the theft of the speakers at the time of defendant's trial.

The jury found the defendant guilty as charged. From a judgment entered on the verdict imposing a sentence of ten years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney General Sarah L. Fuerst, for the State.*

*Malone, Johnson, DeJarmon & Spaulding, by C. C. Malone, Jr., for the defendant appellant.*

HEDRICK, Judge.

Based on numerous exceptions duly noted in the record, defendant argues that the trial judge committed prejudicial error by making statements in the presence of the jury which implied that the judge had an opinion as to the guilt of the defendant. Defendant relies on the well-established rule that every person charged with a crime has a right to a trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm. *State v. Cousin,* 292 N.C. 461, 233 S.E. 2d 554 (1977). Numerous cases have held that G.S. § 1-180 (now G.S. § 15A-1222, 1232, effective 1 July 1978), while referring explicitly only to the charge, forbids the trial judge from expressing or implying, in the presence of the jury, any opinion as to the guilt or innocence of the defendant, or as to any other fact to be determined by the jury, or as to the credibility of a witness at any time during the course of the trial. *See, e.g., State v. Staley,* 292 N.C. 160, 232 S.E. 2d 680 (1977); *State v. Lewis,* 32 N.C. App. 471, 232 S.E. 2d 472 (1977). It is immaterial how such opinion is expressed or implied, whether in the charge of the court, in the examination of a witness, in the rulings upon objections to evidence, or in any other manner. *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59 (1972).

Defendant assigns as error certain questions put to witnesses by the trial judge during the trial. The trial judge may direct questions to a witness for the purpose of clarifying his testimony and promoting a better understanding of it. *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974); *State v. Freeman, supra.* Such questioning by the trial judge must be conducted with care and in a manner which avoids prejudice to either party. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968), *cert. denied,* 393 U.S. 1087, 89 S.Ct. 876, 21 L.Ed. 2d 780 (1969); *State v. Allen,* 14 N.C. App. 485, 188 S.E. 2d 568 (1972). We have carefully examined the questions by the judge to which exceptions were taken, and in our opinion no prejudice resulted from them. The questions served only to clarify the witnesses' testimony and did not convey any "impression of judicial leaning" or an expression of opinion by the judge.

Defendant also assigns as error certain comments of the court in its charge to the jury as expressing an opinion as to whether certain facts had been fully or sufficiently proven and as to the credibility of the witnesses. More specifically, the defendant contends that the portion of the judge's charge dealing with the breaking and entering of the trailer goes beyond a "mere explanation of the legal principle involved" and states an opinion that the fact of the breaking and entering has been "fully proven." We disagree. The judge correctly summarized the evidence presented which was necessary to explain the application of the law arising thereon. *State v. Pittman*, 12 N.C. App. 401, 183 S.E. 2d 307 (1971). The judge's recapitulation of the evidence was preceded by the phrase, "I believe the evidence tends to show. . . ." This phrase does not constitute an expression of opinion that any particular facts had been fully proven but rather is a statement of the trial judge's recollection as to what the evidence tended to show. *See State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683 (1972), *cert. denied*, 409 U.S. 948, 93 S.Ct. 293, 34 L.Ed. 2d 218 (1972); *State v. Jackson*, 228 N.C. 656, 46 S.E. 2d 858 (1948).

Defendant's exception to the judge's instructions with respect to the credibility of the witnesses is likewise without merit. It is well settled that the charge must be considered contextually as a whole and not in detached fragments. *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970); *State v. Reese*, 31 N.C. App. 575, 230 S.E. 2d 213 (1976). The charge included the statement: "[T]he credibility of the witness is a matter entirely for you to determine. You are the sole judges of what you will believe and what you will not believe." We have carefully examined all of the statements in the charge to which the defendant has made exception and find none of them to be an expression of opinion violative of G.S. § 1-180 or to be in any way prejudicial to the defendant. These assignments of error are without merit.

Defendant's final assignment of error concerns the court's charge with respect to its statement of the contentions of the parties. Defendant argues that the court failed to state any of its contentions after having fully stated the contentions of the State.

G.S. § 1-180 does not require the trial court to state the contentions of the litigants at all. However, once the court under-

takes to state the contentions of one party, it is required to give equal pertinent contentions of the opposing party. *State v. Vail*, 26 N.C. App. 73, 214 S.E. 2d 796, *cert. denied*, 288 N.C. 251, 217 S.E. 2d 676 (1975); *State v. Billinger*, 9 N.C. App. 573, 176 S.E. 2d 901 (1970).

The State presented voluminous testimony from several witnesses against the defendant. The crux of the defendant's case was attacking the credibility of the State's witnesses. The evidence presented by defendant tended to show that two witnesses received favorable plea bargains, that one witness had not yet been tried, and that one witness was unable to recall whether the defendant was told he was buying stolen goods. All of these contentions were included by the trial judge in his charge.

"The court is not required to give equal time to each side; nothing more is required than a clear instruction applying the law to the evidence and giving the positions taken by the parties as to the essential features of the case." *State v. Reisch*, 20 N.C. App. 481, 482-83, 201 S.E. 2d 577, 579, *cert. denied*, 285 N.C. 88, 203 S.E. 2d 61 (1974). We hold that the judge's charge adequately stated the contentions of both parties and accordingly find no merit in this assignment of error.

Defendant received a fair trial free from prejudicial error.

No error.

Judges MORRIS and WEBB concur.