STATE OF NORTH CAROLINA v. MICHAEL SHIELDS A/K/A STEVEN
MICHAEL MURRAY

No. 8217SC886

(Filed 5 April 1983)

### 1. Criminal Law § 34.5; Narcotics § 3.1— possession and sale of marijuana—evidence of earlier sale—competency to show identity

In a prosecution for felonious possession and sale of marijuana, the trial court properly permitted the undercover agent who purchased marijuana from defendant on the date in question to testify that he had also purchased marijuana from defendant on an earlier date where the trial court instructed the jury that they could consider evidence of the prior sale solely for the purpose of showing the identity of the person who allegedly committed the crime.

### 2. Criminal Law § 73.2— statement not within hearsay rule

In a prosecution for felonious possession and sale of marijuana, an officer's testimony that when he saw defendant on a certain date an informant identified defendant as "Mike Shields" was not inadmissible as hearsay where the trial court specifically instructed the jury not to consider this testimony as evidence of defendant's identity but that the testimony was offered solely to show the officer's state of mind in believing that he was dealing with "Mike Shields" on the date in question.

### 3. Constitutional Law § 67— refusal to require identification of informant

In a prosecution for felonious possession and sale of marijuana, the trial court did not err in refusing to require the State to reveal the identity of a confidential informant where defendant has shown no reason why he needed to know the informant's identity; defendant failed to ask an undercover officer who purchased marijuana from defendant whether the informant was present on the date in question; and even though defendant knew at trial the name of the person he believed was the informant, defendant did not seek to subpoena him for the trial.

### 4. Criminal Law § 42.6; Narcotics § 3.1— marijuana purchased from defendant—chain of custody

The chain of custody of a bag of marijuana purchased fron defendant by an undercover officer was not insufficient to permit its submission into evidence because the officer placed the bag in a safe in his apartment overnight before turning it over to the sheriff's department and because the officer's parents had access to the safe where the officer testified that he labeled and tagged the bag and then placed it in a sealed plastic bag which he locked in his safe; the next day the bag was turned over to the sheriff's department; at trial the officer identified the bag of marijuana as the one he purchased from defendant on the date in question; there was no evidence that the bag had been tampered with and the bag was the same as when submitted to the sheriff's department; and the officer's parents had been advised to notify their son if they needed to get into the safe.

5. **Criminal Law § 89.6; Narcotics § 3.1— question about contributing to delinquency of defendant—relevancy**

   In a prosecution for felonious possession and sale of marijuana, defendant was not prejudiced when the State was permitted to ask defendant whether he had been the subject of a judicial proceeding in which it was alleged that a named person contributed to the delinquency of a minor in that she provided defendant with a place to live and assisted him in not going to school regularly since the question was relevant to prove the State's contention that defendant was living in a shack behind the named person's house and that this shack was the location of the alleged sale; the question was also relevant to impeach defendant's prior testimony that he had been living with his mother; and the trial court instructed the jury not to consider the implication of the question.

APPEAL by defendant from *Long, Judge.* Judgments entered 13 May 1982 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 16 February 1983.

Defendant was indicted on charges of felonious possession of marijuana with intent to sell and deliver and felonious sale and delivery of marijuana. He was found guilty of both offenses.

Evidence for the State tended to show that on 1 July 1981 defendant sold a bag of marijuana to Samuel Page, an undercover narcotics officer with the Rockingham County Sheriff's Department. Defendant testified that he did not know Officer Page and never sold him any marijuana. From judgments imposing consecutive sentences of two and a half years each, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Griffin, Deaton & Horsley, by Daniel K. Bailey, for defendant-appellant.*

WELLS, Judge.

[1] Before trial, defense counsel moved to disallow any testimony concerning an alleged sale of marijuana by defendant to Officer Page on 25 June 1981. The trial court delayed ruling on the motion until such evidence was brought out at trial. On rebuttal, the trial court allowed Officer Page to testify that he bought marijuana from defendant on this earlier date. Defendant now contends that the introduction of this testimony prejudiced him, since he was tried only on the possession and sale of marijuana on 1 July 1981.

In drug cases, evidence of other drug violations is relevant and admissible if it tends to show modus operandi, guilty knowledge of identity. *State v. Jones*, 47 N.C. App. 554, 268 S.E. 2d 6 (1980); 1 Brandis on North Carolina Evidence § 92 (1982). The trial court in the case before us instructed the jury that they could consider evidence of the prior sale to Officer Page "solely for the purpose of showing the identity of the person who allegedly committed the crime . . . ." The evidence of this prior sale was relevant for the purpose indicated. When evidence is competent for one purpose but incompetent for another, it is admissible and the party it is offered against is entitled, upon request, to a limiting instruction. *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. denied sub nom. White v. North Carolina*, 410 U.S. 958, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). The law presumes that the jury heeds limiting instructions that the trial judge gives regarding the evidence. *Id.* This assignment of error is overruled.

[2]  At trial, the court also allowed Officer Page, over defendant's objection, to testify that when he saw defendant on 25 June 1981 an informant identified defendant as Mike Shields. When the same evidence was elicited on rebuttal, the trial court instructed the jury: "[Y]ou may not consider any identity of some person outside of the court as evidence as to who the person was but only as it may assist you in determining the witness's state of mind at the time that he may have allegedly discussed any matter with the defendant."

Defendant argues that the trial court erred in allowing this evidence, because it deprived him of his Sixth Amendment right to cross-examine the witnesses against him. Defendant further argues that the evidence was inadmissible hearsay. We find no merit to these arguments.

The record on appeal shows that Officer Page personally saw and observed defendant on both 25 June and 1 July 1981. Page testified that on 1 July 1981 he was in defendant's presence and conversed with him for approximately 30 minutes. During this meeting he stood within three feet of defendant. His in-court identification of defendant as the person who sold him marijuana on 1 July 1981 was therefore based on these personal observations and not upon information received from any informant. Furthermore,

the court properly instructed the jury to consider Officer Page's testimony only in determining his state of mind when the alleged sale of marijuana occurred on 25 June 1981. The court specifically instructed the jury not to consider this testimony as evidence of defendant's identity. Evidence of the assertion of any person, other than the witness himself, is not hearsay unless such evidence is offered to prove the truth of the matter asserted. 1 *Brandis* § 138 (1982). Here the testimony was offered solely to show Officer Page's belief that he was dealing with "Mike Shields" on 25 June 1981.

[3] In defendant's fourth assignment of error, he contends that the trial court erroneously refused to reveal the identity of the confidential informant. Under this assignment of error, defendant excepted to the court's refusal to allow the following cross-examination of Officer Page:

Q. Robert Garner, that is your informer isn't it?

MR. HAMPTON: Objection.

COURT: Sustained.

. . .

Q. And he (Garner) is the one that set up the buy for you wasn't he?

MR. HAMPTON: Objection.

COURT: Sustained.

. . .

Q. How long have you known Robert Garner?

MR. HAMPTON: Objection to this line of questions, Your Honor.

COURT: Sustained.

Q. Do you know where Robert Garner is too—

MR. HAMPTON: Objection.

COURT: Sustained.

Defendant argues in his brief that the court's refusal to disclose the name of the informant denied him due process of law.

The United States Supreme Court has set out the following guidelines to determine whether the identity of an informant should be disclosed:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro v. United States*, 353 U.S. 53, 62, 1 L.Ed. 2d 639, 646, 77 S.Ct. 623, 628-29 (1957). The North Carolina Supreme Court has emphasized that before this determination is made, "a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandates such disclosure." *State v. Watson*, 303 N.C. 533, 537, 279 S.E. 2d 580, 582 (1981) (citing cases). In *Watson*, the trial court sustained the district attorney's objections to defense counsel's questions concerning the identity of the confidential informant. The Supreme Court upheld this ruling and noted that "defendant made no showing before the court at the time of the questions concerning the informant as to his particular need for knowing the identity of the source." *Id.* at 537, 279 S.E. 2d at 583. In the case *sub judice*, the record on appeal shows that at no time before or during the trial did the defendant apprise the court of any reason why the informant should have been identified. In his brief defendant has shown no reason why he needed to know the informant's identity. During the trial defense counsel asked Officer Page if Garner was present during both of the alleged sales. Page answered that he was. Page further indicated that an "unknown subject" was also present at the second sale. Defendant, however, never asked Officer Page if the informant was present on 1 July 1981. Furthermore, even though defendant knew Garner's name at trial and obviously believed he was the informant, there is no evidence that defendant ever subpoenaed him or sought to discover his name prior to trial. Under these circumstances, defendant was not entitled to the informant's name.

[4]  Defendant next argues that the trial court erroneously allowed into evidence the bag of marijuana which was allegedly sold to Officer Page on 1 July 1981. He specifically argues that the chain of custody was not established because Officer Page placed the bag in a safe in his apartment overnight before turning it over to the Rockingham Sheriff's Department and because Page's parents had access to this safe. We find no merit to this assignment of error.

Officer Page testified that after purchasing the bag of marijuana from defendant, he returned to his apartment. There he labeled and tagged the bag and then placed it in a sealed plastic bag. This sealed bag was locked in his safe. The next day the bag was turned over to the Sheriff's Department. At trial Officer Page identified the bag of marijuana as the one he purchased from defendant on 1 July 1981. He emphasized that the bag was the same as when submitted to the Sheriff's Department. The possibility that the bag of marijuana could have been tampered with by Officer Page's parents is too tenuous to render the bag of marijuana inadmissible. *See State v. Fulton*, 299 N.C. 491, 263 S.E. 2d 608 (1980). This Court has emphasized that "[w]here a package of evidence is properly sealed by the officer who gathered it and is still sealed with no evidence of tampering when it arrives at the laboratory for analysis, the fact that unknown persons may have had access to it does not destroy the chain of custody." *State v. Newcomb*, 36 N.C. App. 137, 139, 243 S.E. 2d 175, 176 (1978). The same reasoning applies here where Officer Page's parents had access to the safe but were advised to notify their son if they needed to get in the safe, and where there was no evidence of tampering.

We also find no merit in defendant's exceptions to questions posed by the trial judge to the S.B.I. chemist who examined the marijuana. Defendant argues that by this conduct, the trial court abandoned its position as a neutral party and expressed an opinion in violation of G.S. 15A-1222. By asking these questions the trial court was merely attempting to clarify the chain of custody issue and no prejudice resulted. *State v. Alston*, 38 N.C. App. 219, 247 S.E. 2d 726 (1978), *cert. denied,* 296 N.C. 586, 254 S.E. 2d 30 (1979).

[5]  In defendant's final assignment of error, he argues that he was prejudiced when the court allowed the State to ask the

following question: "Isn't it a fact that you were the subject of a judicial proceeding in which it was alleged that Mrs. Cole Robertson . . . contributed to the delinquency of a minor in that she provided you with or gave you that place to live and assisted you in not going to school regularly?" Defendant responded negatively. This question was relevant to prove the State's contentions that defendant had run away from home and was living in the shack behind the Robertson's house on 1 July 1981. This shack was the location of the alleged sale. Prior to this question, defendant testified that he had been living with his mother. The question therefore tended to impeach defendant's prior testimony. We further point out that the judicial proceeding mentioned in this question was against Mrs. Robertson and not defendant. Finally, the trial court instructed the jury not to consider the implication of this question. No prejudicial error has been shown.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges HILL and JOHNSON concur.