BRYANT, Judge.
Where out-of-court statements were offered to explain the subsequent conduct of defendant, the trial court did not err in admitting those statements, with a limiting instruction to the jury, as non-hearsay.
On 23 December 2012, defendant went to the home of Rebecca Buffkin ("Buffkin"). At some point, Buffkin became upset and confronted defendant with a handgun. Defendant attempted to grab the gun, and Buffkin was fatally shot in the head during the ensuing struggle.
Defendant checked Buffkin for a pulse and found that she was unresponsive and bleeding profusely from her head. He then called 911 to report the shooting. When law enforcement arrived, defendant voluntarily surrendered. He appeared to be intoxicated.
Defendant was taken to the Columbus County Sheriff's Office and questioned by Lieutenant Detective William Jeffrey Nealey. Defendant told Detective Nealey that he had consumed approximately eighty ounces of beer that evening and that Buffkin had used Roxycontin, a narcotic painkiller. According to defendant, Buffkin came out of her bedroom and into her kitchen with a handgun wrapped in a towel. She pointed it at him, and in response, defendant wrested control of the gun from Buffkin and shot her.
Defendant was indicted for murder. Beginning 19 May 2014, defendant was tried by a jury in Columbus County Superior Court. At trial, the State introduced a recording of defendant's interview with Detective Nealey. During the interview, Detective Nealey made references to text messages that he was receiving from officers investigating the crime scene. Defendant objected, and after a bench conference, the trial court overruled the objection and gave the jury a limiting instruction.
On 22 May 2014, the jury returned a verdict finding defendant guilty of voluntary manslaughter. The trial court sentenced defendant to 84 to 113 months of imprisonment. Defendant appeals.
_________________________
In his sole argument on appeal, defendant contends the trial court erred by overruling his hearsay objections to statements made by Detective Nealey during his interrogation of defendant that referred to text messages he received from other law enforcement officers. We disagree.
" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen.Stat. § 8C-1, Rule 801(c) (2013). "Hearsay is not admissible except as provided by statute" or by the North Carolina Rules of Evidence. Id.§ 8C1, Rule 802 (2013). However, "out-of-court statements offered for purposes other than to prove the truth of the matter asserted are not considered hearsay." State v. Call,349 N.C. 382, 409, 508 S.E.2d 496, 513 (1998). Accordingly, "statements are not hearsay if they are made to explain the subsequent conduct of the person to whom the statement was directed." State v. Gainey,355 N.C. 73, 87, 558 S.E.2d 463, 473 (2002) (citation omitted). "The trial court's determination as to whether an out-of-court statement constitutes hearsay is reviewed de novo on appeal." State v. Castaneda,215 N.C.App. 144, 147, 715 S.E.2d 290, 293 (2011) (citation omitted).
In Casteneda,the State introduced into evidence a transcript of law enforcement's interview with the defendant. Id.During the interview, detectives made statements indicating that the defendant's version of events was contradicted by the statements of third parties and evidence at the crime scene. Id.This Court held that the detectives' statements were not hearsay because they "were offered to provide context for [the] defendant['s] answers and to explain the detectives' interviewing techniques." Id.(citation omitted). The Court also noted with approval that the trial court twice gave limiting instructions regarding the purpose of the detectives' testimony, because "[i]t is well established that '[t]he law presumes that the jury heeds limiting instructions that the trial judge gives regarding the evidence.' " Id.at 148, 715 S.E.2d at 293 (quoting State v. Shields,61 N.C.App. 462, 464, 300 S.E.2d 884, 886 (1983) ).
The present case cannot be materially distinguished from Casteneda.At trial, the State introduced, without objection, an audio recording of Detective Nealey's interview with defendant. While the recording was played to the jury, defendant objected to a series of statements made by Detective Nealey that either repeated or referred to text messages that he was receiving from other law enforcement officers at Buffkin's home. The statements implied that defendant had shot Buffkin in the back of the head while she leaned over the stove. After a bench conference, the trial court instructed the jury as follows:
THE COURT: Ladies and gentlemen, the text message that was sent, the audio you heard, is being offered for a very limited purpose, it is not being offered for the truth of the matter which is to show whether or not Ms. Buffkin was in fact leaning over the stove or the oven when this incident occurred, it is being offered to show the response and the actions that took place on the part of this officer, his line of inquiry and also the response by [defendant]. With that you may continue, the objection is overruled.
The recording continued and defendant again objected to similar statements by Detective Nealey. The trial court reiterated its prior limiting instruction, stating "[a]gain this is not being offered for the truth of the matter asserted that Ms. Buffkin was in fact taking something out of the oven, just simply to show the responses and the line of questioning by the officer."
Thus, like the statements at issue in Casteneda,Detective Nealey's statements regarding the text messages he was receiving during his interview with defendant were not being offered for their truth, but instead "were offered to provide context for defendant['s] answers and to explain the detective['s] interviewing techniques." Id.at 147, 715 S.E.2d at 293 (citation omitted). In addition, the trial court twice instructed the jury to only consider Detective Nealey's statements for this limited purpose, and the jury is presumed to have followed these instructions. Shields,61 N.C.App. at 464, 300 S.E.2d at 886. Thus, pursuant to Casteneda,the trial court did not err by denying defendant's hearsay objections to these statements.
Defendant also argues that the following statement by Detective Nealey constituted impermissible lay opinion testimony: "From reading these text messages from what you told me, it sounds a little different, it sounds like she was cooking ... and you shot her in the back of the head." However, there is no evidence that defendant objected to Detective Nealey's statement on this basis at trial and, consequently, this issue is not properly before us. N.C. R.App. P. 10(a)(1) (2013). Accordingly, defendant's argument is overruled.
NO ERROR.
Judges DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 22 May 2014 by Judge Gale M. Adams in Columbus County Superior Court. Heard in the Court of Appeals 1 June 2015.