INMAN, Judge.
 

 A trial court errs by allowing lay opinion testimony visually identifying a substance, crack cocaine, as a controlled substance. However, this error is not prejudicial when the State has presented expert testimony, based upon a scientifically valid chemical analysis, that the substance in question is a controlled substance.
 

 Guss Bobby Carter ("Defendant") appeals from a judgment entered 23 February 2016 upon his convictions following a jury trial for possession of cocaine, possession of drug paraphernalia, possession of an open container of alcohol in the passenger area of a motor vehicle, and for attaining habitual felon status. Defendant argues that the trial court committed plain error by admitting the opinion testimony of an officer who visually identified a controlled substance. Defendant also argues he received ineffective assistance of counsel due to his trial counsel's failure to object to the testimony. After careful review, we hold that Defendant has failed to demonstrate prejudice necessary to prevail on either argument.
 

 Factual and Procedural Background
 

 The evidence at trial tended to show the following:
 

 On 3 October 2014, Special Agent Chris Kluttz ("Agent Kluttz") of the North Carolina Department of Alcohol Law Enforcement ("ALE") pulled over a Ford Taurus traveling erratically on Interstate 85 after he spotted an open beer can in the passenger area. There were four individuals in the vehicle; Defendant was sitting in the front passenger seat. Upon smelling alcohol and seeing open containers, Agent Kluttz asked the driver to step out of the vehicle. Agent Kluttz searched the driver and found a glass pipe in his right front pants pocket, and placed the driver in handcuffs.
 

 Agent Kluttz then proceeded back to the vehicle and spoke briefly with Defendant before asking him to exit the vehicle. As Defendant stepped out, Agent Kluttz saw what he described as a "small baggie ... of crack cocaine fall from [Defendant's] person ... to the pavement...." Agent Kluttz then placed Defendant under arrest.
 

 Defendant was indicted on 2 February 2015 for felony possession of cocaine, possession of drug paraphernalia, and possession of an open container of alcohol in the passenger area of a motor vehicle. Defendant was subsequently indicted on 17 August 2015 for having attained habitual felon status. Defendant's case was tried before a jury on 22 and 23 February 2016.
 

 At trial, the State presented testimonial evidence from Agent Kluttz in which he repeatedly identified the substance that fell from Defendant as "crack cocaine." Agent Kluttz based this identification on his training, experience working with the ALE, and his perceptions of the substance and packaging. Agent Kluttz was not tendered as an expert. The State introduced additional evidence in the form of a lab report and expert testimony by Jennifer McConnell ("McConnell"), a chemical analyst with the North Carolina State Crime Laboratory. McConnell testified that the results of her testing indicated that the substance in the bag was consistent with cocaine.
 

 *466
 
 The jury found Defendant guilty of possession of cocaine, possession of drug paraphernalia, and possession of an open container of alcohol in the passenger area of a motor vehicle. Defendant pleaded guilty to having attained habitual felon status. The trial court consolidated the convictions and sentenced Defendant to an active prison term of 42 to 63 months. Defendant filed timely notice of appeal.
 

 Analysis
 

 I. Admissibility of Lay Opinion Testimony
 

 Defendant contends that Agent Kluttz's identification of the substance as crack cocaine was inadmissible lay opinion testimony because it was not based on a scientifically valid chemical analysis. While we agree that Agent Kluttz's testimony was inadmissible, we hold that Defendant has failed to demonstrate plain error.
 

 A. Standard of Review
 

 Defendant did not preserve the issue of the admissibility of Agent Kluttz's testimony at trial because he failed to lodge an objection when the challenged testimony was elicited. "Unpreserved error in criminal cases ... is reviewed only for plain error."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 512,
 
 723 S.E.2d 326
 
 , 330 (2012) (citations omitted). To show plain error, "a defendant must demonstrate that a fundamental error occurred at trial."
 
 Id.
 
 at 518,
 
 723 S.E.2d at 334
 
 (citation omitted). A fundamental error requires a defendant to establish prejudice,
 
 i.e.
 
 , that the error "had a probable impact on the jury's finding that the defendant was guilty."
 
 Id.
 
 at 518,
 
 723 S.E.2d at 334
 
 (internal quotation marks and citations omitted).
 

 B. Discussion
 

 In a criminal case, the State must prove every element of a criminal offense beyond a reasonable doubt.
 
 State v. Billinger
 
 ,
 
 9 N.C.App. 573
 
 , 575,
 
 176 S.E.2d 901
 
 , 903 (1970). In the context of a controlled substance case, "the burden is on the State to establish the identity of any alleged controlled substance that is the basis of the prosecution."
 
 State v. Ward
 
 ,
 
 364 N.C. 133
 
 , 147,
 
 694 S.E.2d 738
 
 , 747 (2010).
 

 The North Carolina Supreme Court held in
 
 Ward
 
 that "[u]nless the State establishes before the trial court that another method of identification is sufficient to establish the identity of the controlled substance beyond a reasonable doubt, some form of scientifically valid chemical analysis is required."
 
 Id.
 
 at 147,
 
 694 S.E.2d at 747
 
 . The appellant in
 
 Ward
 
 challenged testimony by an expert in forensic chemistry who identified the substance in question as a controlled substance based only on a visual inspection.
 
 Id.
 
 at 139,
 
 694 S.E.2d at 742-44
 
 . The Supreme Court held that the testimony was "lacking in sufficient credible indicators to support [its] reliability...."
 
 Id.
 
 at 144,
 
 694 S.E.2d at 745
 
 . In so holding, the Supreme Court rejected the State's argument that such a deficiency should only affect the weight the jury assigned to the testimony.
 
 Id.
 
 at 147,
 
 694 S.E.2d at 747
 
 . "Adopting that view would circumvent the fundamental issue at stake, that is, the reliability of the evidence, and would risk a greater number of false positive identifications."
 
 Id
 
 . at 147,
 
 694 S.E.2d at 747
 
 .
 

 Ward
 
 followed
 
 State v. Llamas-Hernandez
 
 ,
 
 363 N.C. 8
 
 ,
 
 673 S.E.2d 658
 
 (2009), in which the Supreme Court reversed a majority decision of this Court for "the reasons stated in the dissenting opinion," resulting in a new trial for a defendant convicted of trafficking based upon the testimony of a law enforcement officer who visually identified the substance at issue as cocaine. The dissent, adopted by the Supreme Court, reasoned that by providing "procedures for the admissibility of [ ] laboratory reports" and "enacting such a technical, scientific definition of cocaine, it is clear that the General Assembly intended that expert testimony be required to establish that a substance is in fact a controlled substance."
 
 Llamas-Hernandez
 
 ,
 
 189 N.C.App. 640
 
 , 652,
 
 659 S.E.2d 79
 
 , 86-87 (2008),
 
 rev'd per curiam
 
 ,
 
 363 N.C. 8
 
 ,
 
 673 S.E.2d 658
 
 (Steelman, J., concurring in part and dissenting in part) (citations omitted).
 

 The
 
 Ward
 
 and
 
 Llamas-Hernandez
 
 decisions result in two general rules. First, the State is required to present either a scientifically valid chemical analysis of the
 
 *467
 
 substance in question or some other sufficiently reliable method of identification.
 
 See
 

 State v. Hanif
 
 ,
 
 228 N.C.App. 207
 
 , 212,
 
 743 S.E.2d 690
 
 , 693 (2013) (holding that a trial court committed plain error by allowing testimony about the composition of a controlled substance based on a visual inspection when such testimony was the only evidence presented by the State identifying the substance in question);
 
 see also
 

 State v. Woodard
 
 ,
 
 210 N.C.App. 725
 
 , 731,
 
 709 S.E.2d 430
 
 , 435 (2011) (holding that the State was not required to conduct a chemical analysis on the substance because the State's evidence sufficiently established the identity of the stolen drugs). Second, testimony identifying a controlled substance based on visual inspection-whether presented as expert or lay opinion-is inadmissible.
 
 See, e.g.,
 

 State v. James
 
 ,
 
 215 N.C.App. 588
 
 , 590,
 
 715 S.E.2d 884
 
 , 886 (2011) (explaining that an officer's "visual identification testimony would be inadmissible because testimony identifying a controlled substance 'must be based on a scientifically valid chemical analysis and not mere visual inspection' ") (quoting
 
 Ward
 
 ,
 
 364 N.C. at 142
 
 ,
 
 694 S.E.2d at
 
 744 );
 
 see also
 

 State v. Meadows
 
 ,
 
 201 N.C.App. 707
 
 , 712-13,
 
 687 S.E.2d 305
 
 , 309 (2010) (holding that the trial court erred by admitting a police officer's lay testimony that he "collected what he believed to be crack cocaine" based on his visual identification of the substance).
 

 However, the Supreme Court in
 
 Ward
 
 noted that its decision did not prohibit law enforcement officers from using visual identification of controlled substances for investigative purposes.
 
 Id.
 
 at 147-48,
 
 694 S.E.2d at 747
 
 . Nor do we understand
 
 Ward
 
 or
 
 Llamas-Hernandez
 
 to prohibit testimony by an officer regarding visual identification of a controlled substance for the limited purpose of explaining the officer's investigative actions.
 

 Here, Agent Kluttz, throughout his testimony, offered his lay opinion that the substance in question was crack cocaine. Our precedent prohibits such testimony if offered as substantive evidence. Because defense counsel did not object to the testimony, we have no way of knowing whether it was offered to establish the actual nature of the substance or merely to explain Agent Kluttz's subsequent actions in seizing the substance and arresting Defendant.
 

 More importantly, the State introduced without objection testimony by McConnell, an expert in forensic testing for the presence or absence of controlled substances, as well as the results of McConnell's chemical analysis of the substance that Agent Kluttz saw drop from Defendant's person. McConnell testified that her chemical analysis involved mixing the substance with a reagent, viewing it through a microscope, and looking for crystals of a unique shape specific to cocaine. Based on the chemical analysis, McConnell formed the opinion that the substance in the baggie that fell to the pavement at Defendant's feet included an ingredient consistent with the presence of cocaine.
 

 Given the expert testimony in this case based upon a scientifically reliable method, we cannot conclude that Agent Kluttz's testimony that he identified the substance on sight as crack cocaine had a probable impact on the jury's verdict of guilt. Accordingly, Defendant has failed to demonstrate prejudice and therefore failed to establish plain error.
 

 Defendant also argues in passing in his briefs that there were holes in the procedures surrounding the chain of custody of the substance as it made its way to the North Carolina State Crime Laboratory for testing. We also recognize that at trial, Defendant sought to exclude the results of the State Crime Lab analysis by filing a motion
 
 in limine
 
 . However, Defendant does not challenge the trial court's admission of those results or the testimony by McConnell, and therefore we accept her testimony as properly before the trial court.
 

 II. Ineffective Assistance of Counsel
 

 Defendant contends that his constitutional right to effective assistance of counsel was violated when his trial counsel failed to object to Agent Kluttz's lay opinion testimony visually identifying the substance that fell from Defendant as crack cocaine. We disagree.
 

 *468
 
 Ineffective assistance of counsel claims are usually raised in post-conviction proceedings and not on direct appeal.
 
 See, e.g.
 
 ,
 
 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 166,
 
 557 S.E.2d 500
 
 , 524-25 (2001). Such claims may be reviewed on direct appeal when the cold record reveals that no further factual development is necessary to resolve the issue.
 
 Id.
 
 at 166,
 
 557 S.E.2d at 524-25
 
 (citation omitted). The record here is sufficient to address the ineffective assistance claim, and in the interest of judicial economy we decide the merits.
 

 To establish that he received ineffective assistance of counsel, a defendant must show not only that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [,]" but also "that the deficient performance prejudiced the defense."
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 686-87,
 
 104 S.Ct. 2052
 
 , 2064,
 
 80 L.Ed.2d 674
 
 , 693 (1984). To meet this second prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
 

 Id.
 

 at 694
 
 ,
 
 104 S.Ct. at 2068
 
 ,
 
 80 L.Ed.2d at 698
 
 .
 

 Here, in light of the chemical analysis and related expert opinion that the substance that fell from Defendant's person had unique chemical properties consistent with the presence of cocaine, Defendant has failed to establish a reasonable probability that if his trial counsel had objected, and if the trial court had excluded Agent Kluttz's visual identification testimony, the result of the proceeding would have been different. Accordingly, Defendant's argument is without merit.
 
 [1]
 

 Conclusion
 

 For the foregoing reasons, we hold that Defendant failed to establish that the trial court committed plain error by admitting Agent Kluttz's opinion testimony identifying the substance that fell from Defendant as cocaine, and that Defendant was not denied effective assistance of counsel.
 

 NO ERROR.
 

 Judges BRYANT and ZACHARY concur.
 

 [1]
 

 Because Defendant cannot establish prejudice, we need not consider whether his trial counsel's performance was deficient.