STATE OF NORTH CAROLINA v. SOLOMON BROWN

No. 7621SC32

(Filed 5 May 1976)

Constitutional Law § 31— confidential informer — disclosure of identity not required

    The trial court in a prosecution for possession and sale of heroin did not err in refusing to require the disclosure of the identity of a confidential informer where the informer had little if any active participation in the actual crimes and where defendant did not make a sufficient showing of his need for disclosure of the informer's identity.

APPEAL by defendant from *Graham, Judge*. Judgment entered 19 August 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 April 1976.

Upon pleas of not guilty, defendant was tried on two bills of indictment charging him with (1) possession of heroin and (2) selling and delivering heroin to Martha Owens. A jury found him guilty of both charges. The court consolidated the cases for judgment and imposed a prison sentence of 10 years and a fine of $2,500.00.

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*W. Warren Sparrow for defendant appellant.*

BRITT, Judge.

Defendant's only assignment of error is that the court erred in not requiring the State to disclose the identity of a confidential informant. We find no merit in the assignment.

Evidence presented by the State tended to show: In April of 1975, Martha Owens, an agent of the State Bureau of Investigation, went to Winston-Salem to purchase drugs as an undercover agent. On the afternoon of 17 April she and a female confidential source went to defendant's apartment. The source told defendant that Geraldine (defendant's wife) had sent them to him and that they wanted to buy some heroin. Defendant delivered 15 tinfoil packets to Owens for which she paid him $100.00. Thereafter, an analysis of the contents of the packets revealed the presence of heroin.

Defendant testified that he did not sell heroin on the day in question or at any other time and that he had never seen Agent Owens prior to seeing her in court.

It appears to be well settled that the nondisclosure of an informer's identity must be balanced against the need for effective law enforcement; but where the informer's identity and potential testimony are essential to a fair determination of the case or material to a defendant's defense, the privilege must give way and the informer's name be disclosed if the defendant is to be prosecuted. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); *State v. Ketchie,* 286 N.C. 387, 211 S.E. 2d 207 (1975).

The facts in the instant case are clearly distinguishable from *Roviaro* and other cases requiring disclosure of the informer's name. Here, the informer had little if any active participation in the actual crimes. The evidence showed that after

she told defendant that Geraldine sent them, the informer proceeded to go to and use the bathroom while Agent Owens made the actual purchase from defendant. In *Roviaro*, for example, the informer made the purchase of drugs while the police officer hid in the trunk of the informer's car and made a tape recording of the transaction.

Furthermore, we do not think defendant made a sufficient showing before the trial court of his need for disclosure of the informer's identity. The record reveals that the only time the question was raised was when Agent Owens was on *recross*-examination. At that time she was asked, "Who is the source?" The State's objection to the question was sustained. The witness then testified that she did not know the source but she was not an agent; that she met the informer for the first time that afternoon, some hour or so before going to defendant's apartment. Defendant failed to show that the informer's identity and possible testimony were essential to a fair determination of the case or material to his defense. *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957), decided subsequent to *Roviaro.*

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.