STATE OF NORTH CAROLINA v. JERRY R. WATSON

No. 121

(Filed 8 July 1981)

1. **Constitutional Law § 67— confidential informant—cross-examination properly limited**

   In a prosecution of defendant for possession and sale of LSD, the trial court did not err in limiting defense counsel's cross-examination of a witness concerning the name of the confidential informer used by the State and the nature of the reward given to the informer, since defendant failed to establish that the identity of the informer was relevant and helpful to his defense or essential to a fair determination of the case.

2. **Criminal Law § 78— stipulation—admissibility**

   In a prosecution of defendant for possession and sale of LSD, the trial court did not err in receiving into evidence a stipulation between the State and defense counsel that four purple tablets were LSD, since defendant failed to establish the absence of authority on the part of his attorney to enter into the stipulation.

ON writ of certiorari to review judgment entered by *Clark, J.*, at the 11 October 1976 Criminal Session of CUMBERLAND Superior Court.

Defendant was tried on a bill of indictment charging him with (1) possessing lysergic acid diethylamide (LSD) for purpose of sale, and (2) selling LSD.

Evidence presented by the state tended to show that on 3 February 1976 an undercover agent of the State Bureau of Investigation went into the F&W Foodmart in Cumberland County where, in a back room, he purchased four round purple tablets from defendant for $10.00. The state and the defendant stipulated that a chemical analysis of the tablets indicated that they were LSD.

Defendant presented evidence, including his own testimony, which tended to show that on the date in question he was co-owner of the market; that he had never seen the SBI agent; that he had never sold LSD; and that the SBI agent had not been seen in the market.

Other evidence relevant to the questions raised on appeal will be reviewed in the opinion.

The jury found defendant guilty as charged. The court entered judgments imposing a prison sentence of not less than 4 nor more than 6 years in each case. The sentences were to run concurrently.

Defendant gave notice of appeal but his privately employed counsel did not perfect the appeal within the time allowed by the Rules of Appellate Procedure. On 30 June 1980, the district attorney filed a motion asking that the appeal be dismissed. On 17 July 1980, Preston, J., entered an order finding that defendant was an indigent entitled to the services of counsel as provided by law and assigned the public defender to represent him.

On behalf of defendant, the public defender, on 21 November 1980, petitioned the Court of Appeals for a writ of certiorari. The Court of Appeals denied the petition on 17 December 1980. Defendant then petitioned this court for a writ of certiorari, and the petition was allowed on 4 March 1981. This court also treated the papers filed by defendant as a motion to bypass the Court of Appeals and allowed that motion.

*Attorney General Rufus L. Edmisten, by Assistant Attorneys General Norma S. Harrell and Lucien Capone, III, for the State.*

*Paul F. Herzog for defendant-appellant.*

BRITT, Justice.

[1] Defendant has abandoned his first and second assignments of error. By his third assignment, he contends that the trial court erred in sustaining the state's objections to defense counsel's questions of witness Eastman concerning the name of the confidential informer used by the state, and the nature of the reward given to the informer. We find no merit in this assignment.

SBI Agent Redding W. Leggett was the first witness presented by the state. On direct examination, he testified, among other things, that he went to the F&W Foodmart on the day in question, encountered defendant in the storage room of the store, and purchased the LSD tablets from him. On cross-examination he testified that a confidential source, whose name he did not know, accompanied him to the store; that there were four people in the store at the time in question—witness Leggett, a store clerk, the

confidential informant and defendant; that no one except witness Leggett and defendant heard the conversation between them; and that no one except witness Leggett and defendant were in the storage room when the drug transaction took place.

The state then presented SBI Agent Ray Eastman. He testified, among other things, that from January until July 1976 he was a supervisor in an undercover operation relating to illegal drug activity in Cumberland County; that he obtained a confidential informant and introduced him to Agent Leggett on 27 January 1976; that he saw Agent Leggett and the informant enter the F&W Foodmart on 3 February 1976; and that Agent Leggett subsequently told him that while in the store he purchased four LSD tablets from Bobby Watson for $10.00.

On cross-examination of Agent Eastman by defense counsel, the following exchange occurred:

Q. Would you tell the jury the name of the confidential informant?

DISTRICT ATTORNEY: Objection.

COURT: Sustained.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 3

Q. Do you intend to offer him as a witness for the State in this case?

DISTRICT ATTORNEY: Objection.

COURT: Sustained.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 4

I don't know whether the confidential source was present to hear the conversation testified to by Agent Leggett. Drug informants do normally have knowledge of the drug-cultured area and the drug dealers. Some of the informants are paid and some aren't.

Q. What benefit does the informant receive if he doesn't receive money?

DISTRICT ATTORNEY: Objection.

COURT: Sustained.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 5

Q. Do you do anything for the informants if you don't pay them money?

DISTRICT ATTORNEY: Objection.

COURT: Sustained.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 6

Q. You know from your own knowledge that informants are usually people that have been convicted of narcotic violations themselves, aren't they?

DISTRICT ATTORNEY: Objection.

COURT: Sustained.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 7

The informant in this case was not a police officer, undercover narcotic agent, or SBI agent. Nor to my knowledge was he using drugs. The informant was working on a continuous basis and wasn't paid by the number of people he produced to buy from. He was paid as he needed money, small amounts, not very large amounts.

Q. He only required a small amount to keep him going in his style of living, didn't he?

DISTRICT ATTORNEY: Objection.

COURT: Sustained.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 8

While defendant's assignment of error purports to relate to exceptions 3, 4, 5, 6, 7 and 8, the main thrust of his argument relates to exception 3: the failure of the court to require Agent Eastman to divulge the name of the confidential informant.

We agree with the parties that the fundamental rule of law involved in the present case is that stated in *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957), as follows:

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against

the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors. 353 U.S. at 62, 1 L.Ed. 2d 639, at 646, 77 S.Ct. at 628-29.

However, before the courts should even begin the balancing of competing interests which *Roviaro* envisions, a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure. *State v. Boles*, 246 N.C. 83, 97 S.E. 2d 476 (1957); *see also United States v. Coke*, 339 F. 2d 183 (2d Cir. 1964); *State v. Brown*, 29 N.C. App. 409, 224 S.E. 2d 193, *cert. denied*, 290 N.C. 552, 226 S.E. 2d 511 (1976). We hold that defendant has failed to carry his burden in this regard.

At the time the trial court sustained the district attorney's objections to defense counsel's questions concerning the identity and remuneration of the confidential informant, defendant had not apprised the court of the particular need he had for the information. At that point in the trial, the trial judge could only speculate as to the need defendant had for the information. In his brief, defendant argues that the informant's identity should have been revealed so that he could have a chance to make a full and complete defense before the jury. Yet, defendant made no showing before the court at the time of the questions concerning the informant as to his particular need for knowing the identity of the source. The conflicts in the evidence to which defendant now points were not apparent at that stage in the proceeding nor did defendant forecast their appearance. On the basis of this conduct, we hold that defendant has failed to establish that the identity of the informer was relevant and helpful to his defense or essential to a fair determination of the case.[1] *Roviaro v. United States, supra*. There was no error.

[2] Likewise, we find no error in the action of the trial court in receiving into evidence a stipulation between the state and

---

1. We note that the conflicts in the evidence arose only after defendant and a clerk in his store testified. Defendant did not, at that time, indicate his desire to secure the information about the informer.

defense counsel that the four purple tablets were LSD. In his final assignment defendant contends that it was error to have admitted the stipulation because he failed to sign it and because there is nothing in the record to indicate that he knowingly and intelligently consented to it. There is no merit in this contention.

It is well-established that stipulations are acceptable and desirable substitutes for proving a particular act. *See generally* 1 Stansbury's North Carolina Evidence § 166 (Brandis Rev. 1973). Statements of an attorney are admissible against his client provided that they have been within the scope of his authority and that the relationship of attorney and client existed at the time. *Winborne v. McMahan*, 206 N.C. 30, 173 S.E. 278 (1934); *see generally* 1 Stansbury's North Carolina Evidence § 171 (Brandis Rev. 1973). In conducting an individual's defense an attorney is presumed to have the authority to act on behalf of his client. *State v. Woody*, 271 N.C. 544, 157 S.E. 2d 108 (1967); *Howard v. Boyce*, 254 N.C. 255, 118 S.E. 2d 897 (1961). The burden is upon the client to prove lack of authority to the satisfaction of the court. *Howard v. Boyce, supra.*

In the present case, defendant has failed to establish the absence of authority on the part of his attorney. The record is free of any indication that defense counsel was acting contrary to the wishes of his client. That being the case, this assignment of error is overruled.

We hold that defendant received a fair trial, free from prejudicial error.

No error.