STATE OF NORTH CAROLINA v. WALKER LEVON GRAINGER

No. 8218SC469

(Filed 21 December 1982)

**Constitutional Law § 67— disclosure of identity of informant not required**
> The State was not required to disclose the identity of a confidential in-
> formant who was not a participant in the crime but was a mere tipster who in-
> formed officers that defendant would be leaving a certain residence with
> cocaine in his possession.

APPEAL by defendant from *Long, Judge.* Judgment entered
31 August 1981 in Superior Court, GUILFORD County. Heard in
the Court of Appeals 8 November 1982.

Defendant was charged in proper bills of indictment with car-
rying a concealed weapon in violation of G.S. 14-269 and two

counts of possession with intent to sell and deliver a controlled substance in violation of G.S. 90-95(a)(1)(b). He appeals from judgments entered on his conviction of these charges.

*Attorney General Edmisten, by Assistant Attorney General Blackwell M. Brogden, Jr., for the State.*

*Bruce C. Fraser and McNairy, Clifford & Clendenin, by Locke Clifford, for defendant-appellant.*

HILL, Judge.

Defendant makes two assignments of error that he consolidates for argument: (1) whether the trial court erred in denying defendant's motion to suppress evidence of contraband found in defendant's possession; and (2) whether the court erred in denying defendant's motion to disclose a confidential informant. Defendant in essence argues that the trial court's failure to order disclosure warranted suppression of the evidence at trial and justifies reversal or a new trial. We find no error in the judgments below.

The evidence offered at trial reveals that an informant advised the North Carolina State Bureau of Investigation (hereinafter, "S.B.I.") that defendant might be delivering cocaine to a private residence in Greensboro on 5 January 1981. Acting on the information, a team of officers led by Agent M. D. Robertson began surveillance of Carl M. Harmon, Jr.'s home in Greensboro around midnight on 5 January 1981. At 4:30 a.m., the informant told the officers that defendant would leave the house shortly, carrying about an ounce of cocaine and a gun. The officers followed defendant when he drove away from the house at about 5:00 a.m. They stopped him and found in the search incident to his warrantless arrest a gun and controlled substances.

At a pretrial hearing, the court denied defendant's motion to suppress evidence of the contraband, finding there was sufficient probable cause to support the warrantless arrest and search. The court denied without prejudice defendant's request for disclosure of the informant's identity on grounds that the informant was a "mere tipster." Defendant later renewed his motions, which were denied by the trial court. The jury found defendant guilty. Judgment was entered against him 31 August 1981. Defendant's mo-

tion for appropriate relief was denied 24 November 1981, the court concluding after an *in camera* examination that "the informant was not present at the arrest of [defendant] and was not a participant in the offenses for which [defendant] stands convicted. The State is not required to reveal his identity."

Nondisclosure of an informant's identity is a privilege justified by the need for effective law enforcement; but where the informant's identity and potential testimony are essential to a fair determination of the case or material to the defense, the privilege must give way and the informant's name be disclosed if the defendant is to be prosecuted. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); *State v. Watson*, 303 N.C. 533, 279 S.E. 2d 580 (1981); *State v. Brown*, 29 N.C. App. 409, 224 S.E. 2d 193, *disc. rev. denied*, 290 N.C. 552, 226 S.E. 2d 511 (1976). "However, before the courts should even begin the balancing of competing interests . . . a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances in [the] case mandates such disclosure." *State v. Watson, supra* at 537, 279 S.E. 2d at 582 (citations omitted). Defendant has not made a sufficient showing.

The United States Supreme Court in *Roviaro, supra*, found that disclosure is mandated if the informant participated in the alleged crime and is thus a material witness who might be helpful to the defense. The privilege of nondisclosure, however, ordinarily applies where the informant is neither a participant in the offense, nor helps arrange its commission, but is a mere tipster who only supplies a lead to law enforcement officers. *See McLawhorn v. State of North Carolina*, 484 F. 2d 1 (1973). State court decisions similarly hold that disclosure is required only where the informant is an actual participant. *See State v. Hodges*, 51 N.C. App. 229, 275 S.E. 2d 533 (1981); *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973).

The facts here are distinguishable from the cases in line with *Roviaro* that require disclosure. Here, the informant was a tipster. The evidence shows the informant told the S.B.I. that defendant might make a drug delivery at the Harmon residence on 5 January 1981. On the morning of the arrest, the informant told S.B.I. agents that defendant would be leaving the Harmon residence with cocaine in his possession. There is simply no

evidence of the informant's actual participation in the crime; nor is there any evidence that the informant was with defendant when he left the Harmon residence or when he was arrested for possession of contraband, or at any other relevant time. *Cf., Roviaro v. United States, supra; State v. Hodges, supra.*

Furthermore, although defendant speculates that the inform-ant was Carl McNeil Harmon, Jr., any one of five or six other peo-ple present at the Harmon residence on 6 January 1981 could have been the informant. Defendant made no effort to subpoena any of these potential witnesses. Although defendant knew Har-mon's possible significance to an entrapment defense five months before trial, he did not issue a subpoena for Harmon until two days before trial. *Cf. State v. Hodges, supra.* He then expected the court to order disclosure of the informant's identity on the mere assertion of entrapment.

We hold that the court correctly denied both defendant's mo-tion to disclose the informant's identity and his motion to sup-press evidence.

In the trial of this case, we find

No error.

Judges ARNOLD and JOHNSON concur.