STATE OF NORTH CAROLINA v. CORNELIUS EARL WILLIAMS

No. 298A86

(Filed 3 February 1987)

**1. Constitutional Law § 45— right to appear pro se—right to appointed counsel—no right to both**

The trial court did not err in a prosecution for robbery and murder by refusing to allow defendant to participate as co-counsel at trial. There is no right to appear both *in propria persona* and by counsel.

**2. Criminal Law § 15.1— change of venue denied—pretrial publicity—no error**

The trial court did not err in a prosecution for murder and robbery by refusing to grant defendant's pretrial motions for change of venue where those motions were based on newspaper articles about the robbery-murder and publicity surrounding defendant's withdrawal of his guilty plea. There was no basis for disturbing the trial court's determination that the intent of the articles was factual and not inflammatory and the court took steps to insure a fair trial by instructing the jury pool to avoid publicity surrounding the trial and by dismissing all potential jurors present when it announced that defendant intended to plead guilty.

**3. Criminal Law § 71— description of victim's wounds—shorthand statement of fact—no error**

The trial court did not err in a prosecution for robbery and murder by failing to instruct the jury to disregard the portions of an officer's testimony in which he referred to gunshot wounds on the body of the victim. The witness was stating the instantaneous conclusion of his mind as to the appearance or condition of the victim, and the testimony was admissible as a shorthand statement of fact. N.C.G.S. 8C-1, Rule 701.

**4. Robbery § 4.3; Homicide § 21.5— robbery and first degree murder—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss charges of armed robbery and first degree murder where the State's evidence showed that a convenience store was robbed and an employee of the store was killed by a twelve-gauge shotgun blast; an electrical cash register was forcibly removed from the premises along with $121.57 in cash; a stolen car and portions of the cash register were found at a church seven and one-half miles from the store; officers searching the stolen vehicle found two twelve-gauge shotgun shells, one fired and one not fired; a twelve-gauge double-barrel shotgun was seized from defendant's residence; and defendant confessed that he had entered the store, shot the clerk to prevent identification, and taken the cash

register to the church, where he forced it open and removed approximately $125. N.C.G.S. 14-87, N.C.G.S. 14-17.

**5. Searches and Seizures § 23— search warrant—probable cause—evidence sufficient**

In a prosecution for robbery and murder, the affidavit used in obtaining a search warrant contained facts sufficient to support a probable cause finding where three informers identified as "A," "B" and "C" provided information; "A" said that he saw defendant take a black Chevrolet Camaro from Charles Street in Henderson and that defendant did not own such a vehicle; "B" said that he had heard "X" state that he had been with defendant during the robbery and was present when defendant killed the clerk; "C" said that defendant had admitted his involvement and that he had personal knowledge that the twelve-gauge sawed-off shotgun used in the robbery-murder was located at defendant's residence; and an officer stated that each of the informers was reliable and gave specific factors supporting their reliability, including independent evidence that corroborated the information supplied.

**6. Criminal Law § 75.11— incriminating statements—waiver of rights—freely, knowingly, and intelligently made**

The trial court did not err in a prosecution for robbery and murder by failing to suppress incriminating statements made by defendant following his arrest where the court found that defendant was advised of his constitutional rights, understood those rights, and executed a written waiver prior to making each confession; defendant was eighteen years of age, had completed the eighth grade, and could read well; defendant was in good physical condition during both interrogations; defendant's judgment was affected by neither drugs nor alcohol; no promises, offers of reward or inducements were made to persuade defendant to make any statements; defendant was not threatened with force or suggestions of violence; defendant never indicated a desire to stop talking, nor did he ask to be represented by counsel or have counsel present during his interrogation; and defendant had been found competent to stand trial after undergoing psychiatric evaluation.

**7. Constitutional Law § 67— confidential informant—no disclosure of identity—no error**

The trial court did not err in a prosecution for robbery and murder by denying defendant's motion to disclose the identity of confidential informants where the only informant about whom defendant presented an argument was a mere tipster who observed illegal activity. N.C.G.S. 15A-978 (1983).

APPEAL by defendant pursuant to N.C.G.S. 7A-27(a) from a judgment imposing a life sentence entered by *Smith, Donald L., J.,* at the 3 February 1986 Regular Criminal Session of Superior Court, VANCE County. Defendant's petition to bypass the Court of Appeals with regard to a judgment imposing a fourteen-year sentence was allowed on 8 July 1986.

*Lacy H. Thornburg, Attorney General, by Reginald L. Watkins, Special Deputy Attorney General, for the State.*

*J. Henry Banks and Arthur Dale Faulkner for defendant-appellant.*

WHICHARD, Justice.

Defendant was convicted of first degree murder committed with premeditation and deliberation, and of robbery with a dangerous weapon. He was sentenced to life imprisonment on the murder conviction and to fourteen years imprisonment on the robbery conviction, the sentences to run consecutively. Evidence pertinent to the arguments presented is set forth *infra*. We find no error.

[1] Defendant contends the court erred in refusing to allow him to participate as co-counsel at his trial. He was represented by three attorneys, two of whom were court-appointed.

In *State v. Porter*, 303 N.C. 680, 687-88, 281 S.E. 2d 377, 383 (1981), this Court upheld the denial of a motion to participate as co-counsel where the defendant had elected to retain the services of his court-appointed attorney. There is no right in this jurisdiction to appear both *in propria persona* and by counsel. *Id.* This assignment of error is therefore overruled.

[2] Defendant contends the court erred in refusing to grant his pretrial motions for change of venue. In the first motion defendant argued, *inter alia*, that a local newspaper had published numerous articles of an inflammatory nature about the robbery-murder. Emphasizing that the victim was white and he is black, defendant claimed that it would be particularly difficult to obtain a fair trial without a venue change because of Vance County's size, rural nature and racial bias. After considering the articles and arguments of counsel, the trial court determined that the articles were factual and non-inflammatory and concluded that no showing of prejudice had been made. The motion was therefore denied.

Defendant made a second motion after he moved to withdraw a guilty plea. As grounds for this motion, defendant noted that the trial court had announced to the jury that defendant intended

to plead guilty. He also cited publicity surrounding his guilty plea.

This motion for change of venue was also denied. The court found that defendant had failed to establish that the publicity surrounding his plea change warranted a change. of venue. The order further stated that jurors reporting to court on 4 February 1986 were "instructed not to listen to any radio broadcasts or to watch any television newscasts or to read any newspapers concerning [the] trial, and that all jurors other than those who were so instructed [had] been excused." The transcript also reveals that the court dismissed all jurors present when it announced that defendant intended to plead guilty, and that the jurors who sat on this case were not those who were present when the court made the announcement.[1]

In a similar case, *State v. Vereen*, 312 N.C. 499, 324 S.E. 2d 250, *cert. denied*, 471 U.S. 1094, 85 L.Ed. 2d 526 (1985), this Court upheld denial of a change of venue because the defendant failed to show, under the "totality of the circumstances," that a probability of prejudice existed so as to deny him due process. The motions in *Vereen*, as here, were based on publicity surrounding the trial and community bias. The defendant there, as here, was tried in Vance County for murder, and the articles complained of in both cases were published in the same newspaper.

In *Vereen* this Court reiterated the rule that "where a defendant shows only that publicity consists of factual, non-inflammatory news stories, . . . denial of [a] motion for a change of

---

1. The Court stated on the record:

> Now, I realize that the initial panel of jurors have been told that he had pleaded guilty. . . . The clerk has already been instructed to tell those jurors not to report, and what we've got coming in are the jurors that reported on Tuesday and weren't told anything except that they are not to read any newspaper articles, not to watch any TV or to listen to any radio broadcasts concerning this trial. . . .

> In addition, I've instructed the clerk to issue an order for fifty additional jurors for Friday. . . . [W]e've got jurors coming in that if they followed the Court's instructions, they don't know not only that he pleaded guilty but don't know that he moved to withdraw his plea.

Defendant has excepted to the statement, but the record contains nothing that counters it.

venue is proper." *Id.* at 511-12, 324 S.E. 2d at 259. We have reviewed the articles here, and we find no basis for disturbing the determination that their content was factual and non-inflammatory. Moreover, the court took steps to ensure a fair trial by instructing the jury pool to avoid publicity surrounding the trial and by dismissing all potential jurors present when it announced that defendant intended to plead guilty. Defendant has presented no evidence to support his argument that community bias prevented the selection of a fair and impartial jury. We therefore hold that, considering the "totality of the circumstances," defendant has failed to show that he was denied a fair and impartial jury by the denial of his motions for a change of venue.

[3] Defendant contends the court erred in failing to instruct the jury to disregard portions of Officer J. M. Cordell's testimony in the following exchange with the district attorney:

Q. What did you observe about the body of the white male, Mr. Cordell, at the time that you observed and saw him?

A. The subject had been shot which appeared to be—

MR. BANKS: Objection.

THE COURT: Sustained.

MR. BANKS: Motion to strike.

THE COURT: Motion to strike allowed.

BY MR. WATERS:

Q. What injuries, if any, did you see and observe about the body?

A. Gunshot wounds—

MR. BANKS: Objection.

THE COURT: Sustained.

MR. BANKS: Motion to strike.

THE COURT: Motion to strike allowed.

BY MR. WATERS:

Q. Did you observe his arm?

A. Yes, sir, I did.

Q. Either one or both of them?

A. Yes, sir.

Q. Did you observe any defect about either arm?

A. Yes, sir, I did.

Q. What did you observe?

A. The left arm had been shot —

    MR. BANKS: Objection.

    THE COURT: Sustained.

The record reveals that the court sustained these objections on the ground that the testimony was inadmissible opinion evidence.

A lay witness may testify in the form of an opinion if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C.G.S. 8C-1, Rule 701 (1986). The official commentary specifically states that nothing in this rule bars evidence that is commonly referred to as a "shorthand statement of fact." *Id.* (Official Commentary).

> This Court has long held that a witness may state the "instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time." Such statements are usually referred to as shorthand statements of facts.

*State v. Spaulding,* 288 N.C. 397, 411, 219 S.E. 2d 178, 187 (1975), *death sentence vacated,* 428 U.S. 904, 49 L.Ed. 2d 1210 (1976) (quoting *State v. Skeen,* 182 N.C. 844, 845, 109 S.E. 71, 72 (1921) ).

The witness here was stating the "instantaneous conclusions of [his] mind as to the appearance [or] condition" of the victim, and we find the testimony admissible as a "shorthand statement of facts." *Id.* It thus would not have been error to admit the testimony, and it was not error to fail to instruct the jury to disregard it. Assuming error, *arguendo,* it was clearly harmless. N.C.G.S. 15A-1443(a) (1983).

**[4]**   Defendant contends the court erred in denying his motion to dismiss. We disagree.

> On a motion to dismiss on the ground of insufficiency of the evidence, the question for the court is whether there is substantial evidence of each element of the crime charged and of the defendant's perpetration of such crime. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982); *State v. Riddle*, 300 N.C. 744, 268 S.E. 2d 80 (1980). In evaluating the motion, the trial judge must consider the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn therefrom. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978).

*State v. Young*, 312 N.C. 669, 680, 325 S.E. 2d 181, 188 (1985).

The elements necessary to constitute armed robbery under N.C.G.S. 14-87 are:

> (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened. "Force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense." *State v. Mull*, 224 N.C. 574, 576, 31 S.E. 2d 764, 765 (1944). Ownership of the property is generally immaterial as long as the proof is sufficient to establish ownership in someone other than the defendant. *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525 (1968).

*State v. Beaty*, 306 N.C. 491, 496, 293 S.E. 2d 760, 764 (1982).

N.C.G.S. 14-17 defines first-degree murder to include:

> A murder . . . perpetrated by . . . willful, deliberate, and premeditated killing, or . . . committed in the perpetration or attempted perpetration of any . . . robbery . . . or other felony committed or attempted with the use of a deadly weapon . . . .

This Court has said, with regard to premeditation and deliberation:

Premeditation means that the act was thought out before-hand for some length of time, however short, but no particular amount of time is necessary for the mental process of premeditation. *State v. Myers*, 299 N.C. 671, 263 S.E. 2d 768 (1980). Deliberation means an intent to kill carried out in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation. *State v. Bush*, 307 N.C. 152, 297 S.E. 2d 563 (1982). . . .

Premeditation and deliberation relate to mental processes and ordinarily are not readily susceptible to proof by direct evidence. Instead, they usually must be proved by circumstantial evidence. *State v. Buchanan*, 287 N.C. 408, 215 S.E. 2d 80 (1975). Among other circumstances to be considered in determining whether a killing was with premeditation and deliberation are: (1) want of provocation on the part of the deceased; (2) the conduct and statements of the defendant before and after the killing; (3) threats and declarations of the defendant before and during the course of the occurrence giving rise to the death of the deceased; (4) ill-will or previous difficulty between the parties; (5) the dealing of lethal blows after the deceased has been felled and rendered helpless; and (6) evidence that the killing was done in a brutal manner. *State v. Williams*, 308 N.C. 47, 301 S.E. 2d 335, *cert. denied*, 464 U.S. 865, 78 L.Ed. 2d 117, *reh'g denied*, 464 U.S. 1004, 78 L.Ed. 2d 704 (1983). We have also held that the nature and number of the victim's wounds is a circumstance from which premeditation and deliberation can be inferred.

*State v. Brown*, 315 N.C. 40, 58-59, 337 S.E. 2d 808, 822-23 (1985).

Applying these principles to the evidence here, we find the following:

The State's evidence showed that a convenience store was robbed. During the robbery an employee of the store was killed by a twelve-gauge shotgun blast. An electrical cash register was forcibly removed from the premises, along with $121.57 in cash.

Officers found portions of the cash register, as well as a black Camaro that had been reported stolen, at a church located ap-

proximately seven and one-half miles from the store. When they searched the stolen vehicle, the officers found two twelve-gauge shotgun shells, one fired and one unfired. On the basis of leads from confidential informers and of corroborating evidence, a warrant was issued to search defendant's residence. There officers seized a double-barrel, twelve-gauge, sawed-off shotgun.

Defendant was then arrested. He confessed that he had entered the store, shot the clerk to prevent the clerk's identifying him, and taken the cash register to the church where he forced it apart and removed approximately $125.00.

The foregoing constituted substantial evidence of each element of armed robbery and first-degree murder committed with premeditation and deliberation, and of defendant as the perpetrator. The court thus properly denied the motion to dismiss.

[5] Defendant contends the court erred in denying his motion to suppress evidence obtained as a result of the search of his residence. He argues that the affidavit used in obtaining the search warrant did not contain facts sufficient to support the probable cause finding. We disagree.

In *State v. Arrington*, 311 N.C. 633, 643, 319 S.E. 2d 254, 261 (1984), this Court adopted the "totality of circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 76 L.Ed. 2d 527, *reh'g denied*, 463 U.S. 1237, 77 L.Ed. 2d 1453 (1983), for determining the constitutionality of a magistrate's finding of probable cause. Under this test the question is whether the evidence as a whole provides a substantial basis for concluding that probable cause exists. In making this determination "great deference should be paid a magistrate's determination of probable cause and . . . after-the-fact scrutiny should not take the form of a *de novo* review." *Arrington*, 311 N.C. at 638, 319 S.E. 2d at 258.

The facts here were sufficient under this test to support a finding of probable cause. In the application for the search warrant, three informers identified as "A," "B," and "C" provided information. "A" said that he saw the defendant take a black Chevrolet Camaro from Charles Street in Henderson and that defendant did not own such a vehicle. "B" said he heard a person, referred to as "X," state that he, "X," had been with the defendant during the robbery and that he, "X," was present when de-

fendant killed the clerk. Finally, "C" said that when he discussed the robbery and murder with defendant, defendant admitted his involvement. "C" also said he had personal knowledge that the sawed-off, twelve-gauge shotgun used by defendant in committing the robbery-murder was located at defendant's residence.

In the application for the search warrant, an officer stated that each of the informers was reliable and gave specific factors supporting his reliability, including independent evidence that corroborated the information he supplied. Thus, viewed as a whole, the informers' statements and corroborating evidence provided a substantial basis for the probable cause finding.

[6] Defendant contends the court erred in failing to suppress incriminating statements he made following his arrest. We disagree.

The trial court found as a fact that defendant was advised of his constitutional rights, understood those rights, and executed a written waiver prior to making each confession. It further found that he was eighteen years of age, had completed the eighth grade, and could read well. He was in good physical condition during both interrogations, and his judgment was affected by neither drugs nor alcohol. One of the two interrogating officers testified at the hearing, and the trial court found as a fact, that no promises, offers of reward, or inducements were made to persuade defendant to make any statement. The officer also testified that defendant was not threatened with force or suggestions of violence. The court further found that defendant never indicated a desire to stop talking during these interrogations, nor did he request to be represented by counsel or have counsel present during his questioning. In its final finding the court noted that defendant had been found competent to stand trial after undergoing psychiatric evaluation.

Upon these findings the court concluded that defendant had waived his constitutional rights prior to confessing. It further concluded that his waiver was freely, knowingly, and intelligently made, and that the incriminating statements had been voluntarily given.

Findings of fact concerning admissibility of a confession are conclusive and binding if supported by competent evidence. *State*

*v. Simpson*, 314 N.C. 359, 368, 334 S.E. 2d 53, 59 (1985). "This is true even though the evidence is conflicting." *Id.* The findings here were supported by competent evidence. On the basis of these findings the court properly concluded that defendant made a valid waiver of his constitutional rights. Denial of his motion to suppress thus was also proper.

[7] Defendant finally contends the court erred in denying his motion to disclose the identity of confidential informants. As noted above, information supplied by three confidential informants was used in applying for the warrant to search defendant's home. In a pretrial motion defendant requested compulsory disclosure of the informants' identities, citing N.C.G.S. 15A-978 (1983) and the due process clause of the Fourteenth Amendment. Defendant specifically contends that he was denied a fair trial because he was not afforded the opportunity to confront and cross-examine Informer "A." He presents no argument as to disclosure of the identity of the remaining informants. He thus has abandoned this assignment of error to the extent that it relates to Informers "B" and "C." Rule 28(a), Rules of Appellate Procedure.

In *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639 (1957), the United States Supreme Court enunciated a balancing test for determining whether the identity of a confidential informant should be revealed on request of the defendant:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 62, 1 L.Ed. 2d at 646. In *State v. Watson*, 303 N.C. 533, 537, 279 S.E. 2d 580, 582 (1981), however, this Court noted that:

> [B]efore the courts should even begin the balancing of competing interests which *Roviaro* envisions, a defendant who requests that the identity of a confidential informant be re-

vealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure. [Citations omitted.]

At the motions hearing, and in his brief, defendant's only argument for revealing the identity of any of the informants was that "A" participated in the crime. His argument that "A" was a participant, however, is based solely on "A's" statement to an officer that he saw defendant take a black Camaro, and he knew defendant did not own such an automobile.

Participation in the crime charged was clearly a factor relied on by the U.S. Supreme Court in *Roviaro* in finding that disclosure of the informant's identity was mandated. In *Roviaro*, however, the informant whose identity the defendant sought to have revealed allegedly had bought the heroin defendant was convicted of selling. 353 U.S. at 55, 1 L.Ed. 2d at 642. Here, by contrast, there is no indication that "A" participated in any way in the stealing of the car or the robbery-murder. The information in the application for the search warrant indicates that "A" was a mere tipster who observed illegal activity. *See State v. Grainger*, 60 N.C. App. 188, 190-91, 298 S.E. 2d 203, 205 (1982) (evidence tended to show knowledge that illegal activity was occurring but failed to show that informant actually participated). Under these circumstances defendant's motion to compel disclosure of the informant's identity was properly denied.

No error.