STATE OF NORTH CAROLINA v. HAROLD WAYNE MOOSE, JR., DEFENDANT/APPELLANT

No. 8926SC1306

(Filed 18 December 1990)

1. Constitutional Law § 67 (NCI3d)— right of confrontation— identity of informant—in-camera testimony

Defendant had no right to complain on appeal that his right of confrontation was violated when the trial court permitted an officer to give an in-camera answer to a question as to whether an informant was a competitor or an employee of defendant where defense counsel stated that he had no objection to the officer giving an in-camera response to that question.

Am Jur 2d, Criminal Law § 729.

2. Constitutional Law § 67 (NCI3d)— informant—disclosure of identity not required

A defendant charged with trafficking in cocaine by possession failed to show that the circumstances of his case mandated disclosure of an informant's identity where his counsel merely asserted that his question as to whether the informant was a competitor or an employee of defendant went to the informant's motive for telling the police that he had seen a large quantity of cocaine in defendant's business office. Furthermore, evidence that the informant had placed a finger in the white powder and touched it to his lip did not show that the informant was a participant in the crime charged so as to require the disclosure of his identity.

Am Jur 2d, Criminal Law §§ 1002-1004.

Accused's right to, and prosecution's privilege against, disclosure of identity of informer. 76 ALR2d 262.

3. Searches and Seizures § 24 (NCI3d)— confidential informant— affidavit for search warrant

An officer's affidavit based on information from a confidential informant who had not previously furnished information to the police was sufficient to provide probable cause for a warrant to search defendant's business premises where it stated that the informant had seen cocaine and drug paraphernalia

STATE v. MOOSE

[101 N.C. App. 59 (1990)]

in defendant's business office at a certain address the previous day, and that the informant gave the officer a description of where the cocaine could be found at defendant's business premises, how the cocaine was packaged, and an approximation of the quantity of cocaine to be found.

**Am Jur 2d, Searches and Seizures § 69.**

4. **Searches and Seizures § 45 (NCI3d)— renewed motion to suppress—hearing not required**

Defendant was not entitled to a hearing under N.C.G.S. § 15A-975(c) of his renewed motion at trial to suppress the fruits of a search after a pretrial motion had been denied where defendant did not allege the discovery of new facts but alleged that cases decided by the Court of Appeals had changed the contents requirements of an affidavit for a search warrant. Moreover, the court's denial of the motion would not have been altered by the cases cited by defendant.

**Am Jur 2d, Evidence § 427.**

5. **Criminal Law § 75.7 (NCI3d)— officer executing search warrant—statements by defendant—no custodial interrogation**

Defendant's statements to an officer executing a search warrant were not the result of custodial interrogation where the officer informed defendant that he had a search warrant, defendant stated, "You don't need that; it's in there," the officer asked what defendant meant, and defendant replied, "The cocaine you're looking for is in there." Nor was the statement involuntary because officers entered defendant's business with their guns drawn.

**Am Jur 2d, Evidence §§ 613, 614.**

6. **Searches and Seizures § 41 (NCI3d)— execution of search warrant—notice of identity and purpose**

Officers executing a search warrant sufficiently gave notice of their identity and purpose in compliance with N.C.G.S. § 15A-249 where they wore jackets which identified them and their purpose; they entered defendant's business yelling that they were police officers with a search warrant; and an officer entered defendant's office and told defendant, "Hang up, we have a search warrant."

**Am Jur 2d, Searches and Seizures §§ 114, 115.**

STATE v. MOOSE

[101 N.C. App. 59 (1990)]

7. **Searches and Seizures § 42 (NCI3d)— reading of search warrant—sufficient compliance**

An officer sufficiently complied with the requirement of N.C.G.S. § 15A-252 that a search warrant be read to the person in control of the premises to be searched prior to its execution where the officer entered defendant's office and told defendant to hang up the telephone and that he had a search warrant; defendant stated, "You don't need that," and told the officer where cocaine could be found; and the officer followed defendant's direction to locate a metal box, read the warrant to defendant, and then opened the box and discovered cocaine therein. There is no requirement that the officer read the warrant immediately no matter what the circumstances, and defendant prevented immediate compliance with the statute by volunteering the information about the location of the cocaine. Furthermore, any violation of the statute was harmless in that the officer complied with the statute as soon as was practicable.

**Am Jur 2d, Searches and Seizures §§ 114, 115.**

8. **Criminal Law § 823 (NCI4th)— interested witness—undercover agent—informant—defendant not entitled to instruction**

Defendant was not entitled to an undercover agent interested witness instruction where the officer who testified for the State did not participate in the crime for which defendant was convicted in an undercover capacity. Nor was defendant entitled to an informant interested witness instruction because the officer used an undisclosed informant in the case.

**Am Jur 2d, Trial § 861; Witnesses § 663.**

9. **Searches and Seizures § 43 (NCI3d)— motion to suppress—announcement of ruling in newspaper interview—absence of prejudice**

Defendant was not prejudiced when the trial judge announced in a newspaper interview that he would deny defendant's motion to suppress a few weeks prior to entering a formal ruling in court.

**Am Jur 2d, Judges §§ 166-169.**

STATE v. MOOSE

[101 N.C. App. 59 (1990)]

APPEAL by defendant from order entered 18 May 1989 in MECKLENBURG County Superior Court by *Judge Shirley L. Fulton*, and from judgment entered 20 July 1989 in MECKLENBURG County Superior Court by *Judge John M. Gardner*. Heard in the Court of Appeals 8 June 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David M. Parker, for the State.*

*Morrison & Peniston, by Dale S. Morrison, and Goodman, Carr, Nixon & Laughrun, by George V. Laughrun, II, for defendant-appellant.*

DUNCAN, Judge.

From a judgment imposing a sentence of thirty-five years imprisonment following his conviction of trafficking in cocaine, defendant appeals. For the reasons that follow, we find no error.

I

On 20 October 1988, Officer B.C. Couch of the Charlotte, North Carolina Police Department met with a citizen (hereafter "the informant") who had phoned the Charlotte police to make a report of criminal activity. The informant, who had not provided the police with information prior to this, reported seeing a large quantity of cocaine in defendant's office at his business, Sport Divers. The informant described articles which Officer Couch recognized as cocaine paraphernalia. Officer Couch questioned the informant about the informant's criminal record, where the informant lived, for how long, and where the informant worked. All answers given by the informant were verified to be true.

On the basis of the informant's information, the police went to Sport Divers and observed that the defendant was there. The next day Officer Couch applied for, and was granted a search warrant for defendant's business. Officer Couch then went to Sport Divers with several other officers. They entered the shop clothed in jackets identifying them as Charlotte police yelling, "Police, Search Warrant." Some officers secured the front of the business while Officer Couch, with the search warrant in his back pocket, continued to the rear of the building, into a classroom area occupied by a woman. He then continued toward the defendant's office, the door to which was closed.

STATE v. MOOSE

[101 N.C. App. 59 (1990)]

Officer Couch opened the door and observed the defendant sitting at his desk talking on the telephone. He told the defendant to hang up the telephone, stand up and place his hands on the wall. He also informed the defendant that he had a search warrant. The defendant complied and made no effort to resist. Before Officer Couch could read the warrant, the defendant said, "You don't need that; it's in there." Officer Couch said, "What do you mean?" The defendant responded, "The cocaine you're looking for is in there." He then pointed to a cabinet under the copy machine located next to his desk.

Officer Couch then read the search warrant to defendant and opened the metal box under the cabinet. Inside he found a white powder which was later established to be 980.9 grams of cocaine. Defendant was subsequently arrested and advised of his *Miranda* rights.

II

[1] Defendant first assigns error to the trial judge holding the in-camera hearing out of his presence. During the in-camera hearing defendant's attorney asked if the informant is one of defendant's employees and Officer Couch whispered the answer to the trial judge. Defendant now contends that his right to confront and cross examine his accuser as provided by the Sixth Amendment to the United States Constitution and Article I, Section 23, of the Constitution of North Carolina was violated. We disagree with defendant and find no error.

First, the defendant's attorney asked Officer Couch if the informant was a competitor of the defendant and the district attorney objected. Defendant's attorney then stated that he had no objection to Officer Couch answering that question in-camera. Having assented to an in-camera response with respect to the informant's identity, defendant should not be heard to complain on appeal.

[2] Second, in *Roviaro v. United States*, the Supreme Court stated the rule for disclosure of an informant's identity:

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case taking into consideration

the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

353 U.S. 53, 62, 1 L.Ed. 2d 639, 646 (1957). *See also State v. Watson,* 303 N.C. 533, 279 S.E.2d 499 (1981). "However, before the courts should even begin the balancing of competing interests which *Roviaro* envisions, a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure." *Watson,* 303 N.C. at 537, 279 S.E.2d at 582 (citations omitted). In *Watson,* our Supreme Court determined that based on the questions asked, the trial judge could only speculate as to the need defendant had for the information and that the defendant made no showing at the time of the questions of a particular need for knowing the identity of the source.

In this case, counsel for the defendant asked whether the informant was a business competitor or an employee of the defendant. Counsel stated that the questions were intended to elicit the motive for the informant's going to the police, and immediately added that he would not mind the officer answering the question in-camera. Having offered merely the bare statement that the question went to the motive of the informant, defendant did not carry his burden of showing that the particular circumstances of his case mandate disclosure of the informant's identity.

Defendant further contends that the trial court erred by failing to order the State to identify the concerned citizen in that the citizen's identity was necessary for a fair determination of his case and material to his defense. These contentions are also unavailing.

In *State v. Grainger,* this court cited substantial authority establishing that nondisclosure is permissible "where the informant is neither a participant in the offense, nor helps arrange its commission, but is a mere tipster who only supplies a lead to law enforcement officers." 60 N.C. App. 188, 190, 298 S.E.2d 203, 204 (1982), *disc. review denied,* 307 N.C. 579, 299 S.E.2d 648 (1983). In support of his argument, defendant refers to evidence that the informant told Officer Couch that he/she had placed a finger in the white powder and touched it to his/her lip which then became numb. From this, according to the defendant, it can be inferred that the informant may have been a participant in the offense charged.

STATE v. MOOSE

[101 N.C. App. 59 (1990)]

Defendant was charged with trafficking in cocaine and the informant would have had to participate in that offense as it is defined in N.C. Gen. Stat. § 90-95(h)(3) (1989). Trafficking "has two elements: (1) knowing possession (either actual or constructive) of (2) a specified amount of [the drug]." *State v. Keys*, 87 N.C. App. 349, 352, 361 S.E.2d 286, 288 (1987). Possession is defined as "having the power and intent to control disposition or use of the contraband." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). In this case, the fact that the informant put a finger into the cocaine does not establish that the informant had power and intent to control its disposition or use. We therefore overrule this assignment of error.

### III

[3] Defendant next assigns error to the trial judge's denial of his motion to suppress the evidence seized pursuant to execution of the search warrant. He contends that the information given to the magistrate was insufficient to constitute probable cause to issue a warrant. We disagree and find no error.

Appellate court review of a magistrate's probable cause decision is not subject to a technical *de novo* review, but is limited to whether "the evidence as a whole provided a substantial basis for a finding of probable cause . . ." *State v. Arrington*, 311 N.C. 633, 640, 319 S.E.2d 254, 258 (1984). Probable cause to search exists if a person of ordinary caution would be justified in believing that what is sought will be found in the place to be searched. *State v. Goforth*, 65 N.C. App. 302, 309 S.E.2d 488 (1983). With respect to the reliability of information provided by an informant, the Supreme Court has instructed, "even if we entertain some doubt as to an informant's motives, his explicit detailed description of alleged wrongdoing with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Illinois v. Gates*, 462 U.S. 213, 234, 76 L.Ed. 2d 527, 545 (1983).

In *State v. Barnhardt*, this court applied the foregoing rules in holding that there was probable cause to issue a search warrant where the affidavit provided information that cocaine was seen on the premises within twenty-four hours, described the premises to be searched in detail and set out the basis of the informant's ability to identify. 92 N.C. App. 94, 373 S.E.2d 461 (1988), *disc. review denied*, 323 N.C. 626, 374 S.E.2d 593. *Barnhardt* is instruc-

tive in the case at bar. In this case, Officer Couch's affidavit included information that the informant gave him a description of where the cocaine could be found on the defendant's business premises, how the cocaine was packaged and an approximation of the quantity of cocaine to be found. The affidavit included a description, provided by the informant, of the premises to be searched and that cocaine had been seen in the defendant's office.

Based upon the foregoing discussion, we find that the affidavit included information almost identical in quality to that in *Barnhardt*. Accordingly, we find no error and overrule this assignment of error.

## IV

[4] Defendant next assigns error to the trial judge's denial of his second motion to suppress the fruits of the search pursuant to N.C. Gen. Stat. § 15A-975(c) (1988). Defendant contends that the trial judge is required to make findings of fact and conclusions of law in accordance with that statute and that the failure to do so entitles him to a new trial. We disagree with defendant.

Section 15A-975(c) provides:

> If, after a pretrial determination and denial of the motion [to suppress], the judge is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, he may permit the defendant to renew the motion before the trial or, if not possible because of the time of discovery or alleged new facts, during trial.

The statute clearly requires a showing of previously undiscovered facts to renew a motion to suppress evidence. In the case at bar, defendant was not alleging that new facts had come to light but that cases decided by this court changed the content requirements for an affidavit supporting an application for a search warrant. Thus, he was not entitled to a new hearing as he did not comply with the statute.

Assuming arguendo that defendant had complied with Section 15A-975, in *State v. Marshall*, this court held that an affidavit which set forth the informant's reliability and included his statement that he had seen cocaine in the defendant's residence in the previous forty-eight hours was sufficient. 94 N.C. App. 20,

380 S.E.2d 360 (1989), *disc. review denied*, 325 N.C. 275, 384 S.E.2d 526. The information included in the affidavit in this case includes the same type of information. Thus, the case law defendant cited at the second motion to suppress did not alter the outcome of the motion and since defendant brought forth no new facts, the denial of his motion was proper. Defendant failed to meet the threshold showing and thus we find no error.

V

**[5]** Defendant next assigns error to the trial judge's denial of his motion to suppress statements made at his arrest. Before Officer Couch could read the search warrant to him, the defendant said, "You don't need that; it's in there." When Officer Couch asked what defendant meant, he replied, "The cocaine you're looking for is in there." Defendant now contends that the statements indicating where the cocaine could be found were made while he was in custody and were involuntary. We disagree.

In *State v. Haddock*, 281 N.C. 675, 190 S.E.2d 208 (1972), our Supreme Court held that a voluntary statement made while in custody does not become the product of an "in-custody interrogation" simply because an officer asks the defendant to clarify a statement already made voluntarily. In the case at bar, the defendant contends that the statement was not made voluntarily because the officers came in with their guns unholstered, and the defendant was not free to leave. This contention is unavailing.

The test is whether the statements were made in response to an interrogation. The fact that defendant made an incriminating statement in response to the police officers' presence, and not in response to questioning initiated by the officers, does not make it a custodial interrogation. Furthermore, Officer Couch only asked what defendant meant by his statement, "You don't need that," which defendant made without any prompting from Officer Couch. We therefore find that the trial judge did not commit error in denying defendant's motion to suppress his statements made incident to his arrest as they were not the product of a custodial interrogation.

VI

Defendant further assigns error to the trial judge's failure to make a formal ruling, complete findings of fact and accurate conclusions of law on his motion to suppress the fruits of the search

warrant executed in violation of N.C. Gen. Stat. § 15A-249 and § 15A-252. Defendant contends first, that the warrant was not read and a copy handed to the defendant prior to its execution by the officers; and second, defendant contends that the officers failed to give notice of their identity and purpose before entering the defendant's business. We disagree with defendant.

N.C. Gen. Stat. § 15A-249 (1988) provides:

> The officer executing a search warrant must, before entering the premises, give appropriate notice of his identity and purpose to the person to be searched, or the person in apparent control of the premises to be searched. If it is unclear whether anyone is present at the premises to be searched, he must give notice in a manner likely to be heard by anyone who is present.

Further, N.C. Gen. Stat. § 15A-252 (1988) provides:

> Before undertaking any search or seizure pursuant to the warrant, the officer must read the warrant and give a copy of the warrant application and affidavit to the person to be searched, or the person in apparent control of the premises or vehicle to be searched.

[6] In *State v. Sparrow*, 276 N.C. 499, 173 S.E.2d 897 (1970), our Supreme Court held that even though the police officers have a valid search or arrest warrant, ordinarily they may not enter a private home unless they first give notice of their authority and purpose and make a demand for entry. *Accord, State v. Gaines*, 33 N.C. App. 66, 234 S.E.2d 42 (1977) (construing N.C. Gen. Stat. § 15A-249). In the case at bar, the officers wore search and raid jackets which identify them and their purpose and they entered the defendant's business yelling, "police officers; search warrant." Officer Couch testified that after he entered the business, he proceeded to defendant's office and said, "Hang up, we have a search warrant." The officers here complied with the requirements of Section 15A-249.

[7] With respect to compliance with N.C. Gen. Stat. § 15A-252, Officer Couch testified that as he entered the office, he directed the defendant, who was sitting at his desk, talking on the telephone, to hang up the telephone and put his hands on the wall. The defendant, still seated at the desk, then said, "you don't need that," and commenced to tell Officer Couch where the cocaine was. Aside

from the lack of a requirement that an officer read the warrant immediately, no matter what the circumstances, defendant's contention fails in that the defendant prevented immediate compliance with Section 15A-252 by volunteering the information. Officer Couch followed defendant's direction to locate a metal box and then read the search warrant to the defendant. Assuming that Officer Couch violated the statute, the violation was harmless in that he complied with the statute as soon as was practicable. Further, we find that the trial judge did not commit reversible error in denying defendant's motion to suppress the evidence on the grounds of statutory noncompliance.

Defendant also contends that the trial judge committed error by making a finding that defendant told Officer Couch, "he didn't need to read that." The statements the defendant was alleged to have made were, "you don't need that" or "you don't need to do that." Under the circumstances, any error in the trial judge's insertion of the words "to read" was harmless.

VII

[8] Defendant next assigns reversible error to the trial judge's failure to instruct the jury on the testimony of undercover agents and informants. He contends that the officer executed all of his duties in this case in an undercover fashion and that the informant's need for anonymity raised the need for an instruction on interested witnesses. We find these contentions unavailing.

The defendant requested and was denied an instruction on informants and undercover agents. That instruction is N.C.P.I. 104.30 (1986) which provides:

You may find from the evidence that a State's witness is interested in the outcome of this case because of his activities as an [informer] [undercover agent]. If so, you should examine such testimony with care and caution in light of that interest. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence.

In State v. Black, this court held that it was error for a trial judge not to give the special instruction for the testimony of an undercover agent where the officer participated in an undercover capacity in the offense for which the defendant was convicted. 34 N.C. App. 606, 239 S.E.2d 276 (1977), disc. review denied, 294

STATE v. MOOSE

[101 N.C. App. 59 (1990)]

N.C. 362, 242 S.E.2d 632 (1978). In this case, Officer Couch did not engage in trafficking in cocaine, for which the defendant was convicted, in an undercover capacity and thus, the defendant was not entitled to the undercover agent instruction. *Accord, State v. Sowden,* 48 N.C. App. 570, 269 S.E.2d 274 (1980) (finding no error in not referring to an officer as an undercover agent where the officer acted in an undercover capacity to investigate and execute a search warrant on the defendant). Also, the instructions given by the trial judge specifically state that the jurors may consider any "interest, bias or prejudice" a witness may have.

With regard to defendant's assertions that he was entitled to an interested witness instruction in light of the use of an informant, we find defendant's argument is unpersuasive. Defendant contends that "Officer Couch had reason and motive to protect the informant's confidentiality in that it made it impossible for the defendant to impeach the credibility of the informant, to show that the informant allegedly engaged in harassing behavior or to show an interest other than that alleged by the State." While defendant's argument is unclear, in light of other evidence presented by the State, particularly the cocaine which was discovered, those contentions would be more appropriately addressed to the issue of probable cause to issue a search warrant than proving that Officer Couch was interested in the outcome of the trial. Furthermore, assuming, for the sake of argument, that there was error in omitting the instruction, defendant has failed to show how he was prejudiced by its omission. Thus, we find no prejudicial error.

VIII

[9] Finally, defendant assigns error to the trial judge announcing in a newspaper interview that he would be denying the defendant's motion to suppress two to three weeks prior to entering a formal ruling in court. Defendant cites cases which set forth the general rule that an order is entered only when properly announced in court or signed in session. *See, e.g., State v. Boone,* 310 N.C. 284, 311 S.E.2d 552 (1984). He further contends that his confidence in the judicial system was undermined so that he was unable to communicate with his attorneys and assist in the preparation of his defense. However, defendant offers no support for this allegation, and we find it to be without merit. Furthermore, if the defendant is contending that the judge committed some form of misconduct, the appropriate forum in which to seek relief would be the Judicial

Standards Commission. We therefore overrule this assignment of error.

For the foregoing reasons, we find

No error.

Judges COZORT and ORR concur.