STATE OF NORTH CAROLINA
v.
SHAVONNE RAVIT aka SHAVON RAVITT.
No. COA07-1553
North Carolina Court of Appeals
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Vaughn S. Monroe, for the State.
Robin E. Strickland for defendant-appellant.
MARTIN, Chief Judge.
Defendant Shavonne Ravit aka Shavon Ravitt appeals from a 28 August 2007 judgment revoking her probation and imposing an active term of imprisonment of thirteen to sixteen months.
On 28 March 2001, defendant pled guilty to various drug offenses as well as other charges involving assault, battery, resisting a public officer, and injury to personal and real property. Defendant was sentenced to five years of probation, which she began serving on 17 September 2003 following the completion of an active term of imprisonment that she had been serving on another conviction. On 23 February 2006, defendant's probation was modified to require defendant to participate in Alcohol and Drug Services ("ADS") and the Intensive Supervision Program.
On 23 August 2006, a probation violation report was filed alleging that defendant had violated the terms and conditions of probation in that she had tested positive for illegal drugs, had failed to abide by her curfew, was in arrears in her monetary conditions, and had failed to report to ADS on two occasions. On 28 August 2007, the trial court conducted a revocation hearing at which time defendant, through her attorney, admitted the alleged violations. Following the hearing, the trial court revoked defendant's probation and sentenced her to a term of active imprisonment of thirteen to sixteen months. Defendant appeals.
In her first assignment of error, defendant contends the State failed to present sufficient evidence of the alleged probation violations and the trial court failed to make sufficient findings of fact regarding whether defendant violated the terms and conditions of her probation.
To revoke a defendant's probation, the trial court need only find that the defendant has "willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). The breach of any one condition of probation is sufficient grounds to revoke a defendant's probation. State v. Seay, 59 N.C. App. 667, 670-71, 298 S.E.2d 53, 55 (1982), disc. review denied, 307 N.C. 701, 301 S.E.2d 394-95 (1983). A trial court's judgment revoking a defendant's probation will only be disturbed upon a showing of a manifest abuse of discretion. State v. Guffey, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960).
A review of the transcript of the revocation hearing in this case reveals that defendant, through her counsel, admitted to the alleged violations of probation at the onset of the hearing. Following this admission, the trial court found as follows:
THE COURT: All right. Tested positive for cocaine, marijuana on two occasions; failed to abide by her curfew four times; owes some money; not complying with ADS as she should.
Following these findings, the trial court moved the hearing into the disposition phase by asking the probation officer what he recommended. The probation officer recommended revocation of defendant's probation.
Defendant's admission to the probation violation and the trial court's specific findings based on her admission precluded the need for the State to present any evidence on the violations. Consequently, we conclude that defendant's argument is without merit.
We next address defendant's contention that the trial court was required to address defendant directly to determine if she admitted the probation violations. Defendant has failed to cite, nor do we find, any authority to support her contention that defendant is not bound by the statements of her counsel. See, e.g., State v. Watson, 303 N.C. 533, 538, 279 S.E.2d 580, 583 (1981) ("Statements of an attorney are admissible against hisclient provided that they have been within the scope of his authority and that the relationship of attorney and client existed at the time."). Neither does the statute governing probation revocation hearings require the trial court to personally address the defendant. See N.C. Gen. Stat. § 15A-1345(e) (2007). Accordingly, this assignment of error is overruled, and the trial court's judgment is affirmed.
Affirmed.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).