STATE OF NORTH CAROLINA v. JESSE LEWIS ADAMS, JR.

No. 8728SC1037

(Filed 3 May 1988)

**Homicide § 19.1 — deceased's violent crimes — evidence inadmissible**

  The trial court in a murder prosecution did not err in refusing to admit the record of deceased's violent crimes since defendant and his witnesses testified without contradiction or objection that deceased had the reputation of being a violent and dangerous man and had stabbed one person and shot another; furthermore, there was no merit to defendant's contention that the evidence should have been received under N.C. Evidence Rule 404(a)(2) to show that the victim had a reputation for violence in the community, since that argument was not made in the trial court and since evidence of a deceased's criminal

record cannot be received for the purpose of establishing the victim's reputation for violence.

APPEAL by defendant from *Downs, Judge.* Judgment entered 5 June 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 30 March 1988.

*Attorney General Thornburg, by Assistant Attorney General Debbie K. Wright, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

PHILLIPS, Judge.

Tried for the first degree murder of Rufus Edward Brown, Jr., defendant was convicted of voluntary manslaughter. The killing occurred in an Asheville drinking and eating place where defendant shot Brown with a pistol three times, twice in the chest and once in the abdomen. Defendant's evidence tended to show that the shooting occurred when Brown was advancing upon him in a threatening manner with a pocketknife, and his only contention here is that the trial court erred in refusing to receive evidence indicating that Brown had been convicted of the violent crimes of assault with a deadly weapon inflicting serious injury and of assaulting a female.

Even if the court erred in refusing to receive the record of the deceased's violent crimes in evidence it was clearly harmless, since defendant and his witnesses testified, without contradiction or objection, that Brown had the reputation of being a violent and dangerous man and had stabbed Lewis Lytle and shot Larry Brinkley. But the court did not err in rejecting the evidence because defendant offered it for the purpose of attacking Brown's "credibility" under G.S. 8C, Rule 806, N.C. Rules of Evidence, which it could not possibly do since Brown was dead and no statement of his was received into evidence. Defendant does not now argue otherwise. What he argues is that the evidence should have been received under N.C. Evidence Rule 404(a)(2) to show that the "victim had a reputation for violence in the community"; an argument without foundation since it was not made in the trial court, Rule 10(b)(1), N.C. Rules of Appellate Procedure, and without merit since our Supreme Court has held that evidence of a deceased's

criminal record cannot be received "for the purpose of establishing the victim's reputation for violence." *State v. Corn*, 307 N.C. 79, 85, 296 S.E. 2d 261, 266 (1982).

No error.

Chief Judge HEDRICK and Judge EAGLES concur.