STATE OF NORTH CAROLINA v. STEVEN CLARENCE LEAZER, MICHAEL WAYNE MOORE

No. 398A93

(Filed 29 July 1994)

## 1. Evidence and Witnesses § 1731 (NCI4th)— videotape—removal of victim's body—relevancy

Where there was a question of fact concerning the presence of blood in elevator 4 in the cellblock in which a murder occurred, a videotape of the removal of the victim's body and its placement in elevator 2 was relevant to refute defendant inmates' suggestion that the blood came from the victim's body or from those who removed the body.

Am Jur 2d, Evidence §§ 979 et seq.

Admissibility of videotape film in evidence in criminal trial. 60 ALR3d 333.

2.  **Evidence and Witnesses § 284 (NCI4th)— murder of inmate—victim's murder convictions—not pertinent character trait of victim**

     In a prosecution of defendant inmates for the murder of a fellow inmate wherein defendants contended that another inmate killed the victim because he was afraid the victim would kill him, and the other inmate testified to this effect, evidence that the victim had twice been convicted of murder was not admissible under Rule 404(a)(2) as a pertinent character trait of the victim since neither defendant relied on self-defense or any other justifiable homicide which would have made the victim's character pertinent; and evidence that the victim had been convicted of two murders, in support of defendants' theory that another inmate killed the victim, would be more prejudicial than probative after the other inmate testified that he committed the murder but did not contend that he killed in self-defense.

     **Am Jur 2d, Evidence § 373.**

     **Admissibility of evidence as to other's character or reputation for turbulence on question of self-defense by one charged with assault or homicide. 1 ALR3d 571.**

     **Admissibility of evidence in homicide case that victim was threatened by one other than defendant. 11 ALR5th 831.**

3.  **Constitutional Law § 251 (NCI4th)— confidential informant—denial of motion for disclosure of identity—absence of prejudice**

     Defendant inmates were not prejudiced in their murder trial by the trial court's refusal to compel the State to reveal the name of a confidential informant who told an SBI agent that he saw defendants and two others enter the victim's cell, heard noise inside the cell, and saw the four men come out of the cell with one brandishing a knife or shank and another with blood on his shirt where the State furnished the name of the informant to defendants when it gave them a list of the witnesses it would call; the informant testified at the trial; and defendants could have determined the identity of the informant by interviewing the State's witnesses.

     **Am Jur 2d, Criminal Law §§ 778-780, 1002-1005.**

## Accused's right to, and prosecution's privilege against, disclosure of identity of informer. 76 ALR2d 262.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by DeRamus, J., at the 19 October 1991 Criminal Session of Superior Court, Rowan County, upon a jury verdict of guilty of first-degree murder. The defendants' motion to bypass the Court of Appeals as to an additional judgment imposed for conspiracy was allowed 30 September 1993. Heard in the Supreme Court 10 May 1994.

Steven Clarence Leazer and Michael Wayne Moore, the defendants, and the victim, Rufus Coley Watson, were inmates at the Piedmont Correctional Center in Rowan County. On 13 May 1989, the body of Rufus Coley Watson was found in his cell. He died as the result of approximately twenty-one stab wounds. Bloody clothes, the weapon (a shank), fingerprints and an informant's tip led authorities to the defendants and several other inmates. The defendants and Watson were incarcerated for violent felonies and were serving extensive sentences. The defendants were found guilty of murder in the first degree. The jury could not reach a verdict as to sentencing and the defendants were sentenced to life in prison.

*Michael F. Easley, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Thomas M. King for defendant-appellant Leazer.*

*J. D. Hurst for defendant-appellant Moore.*

WEBB, Justice.

[1] The defendants first assign as error the trial court's decision admitting, over objection, a videotape of the crime scene including the removal of the body from the scene. The defendant relies upon North Carolina Rules of Evidence, Rules 401 and 403 in arguing that the videotape was irrelevant, inflammatory and that its probative value was greatly outweighed by the risk of unfair prejudice. N.C.G.S. § 8C-1, Rules 401 and 403 (1992); *see State v. Hennis*, 323 N.C. 279, 372 S.E.2d 523 (1988).

The videotape in question was approximately six minutes in length; however, the objection only addresses the first three-minute segment. The videotape was a condensed version of some forty-five minutes of videotape filmed during the approximately ten hours of

on-site investigation. The contested portion of the condensed tape included footage of the body being turned over, placed in a body bag and on a stretcher, then the transporting of the body to one of the elevators for removal from the facility. The State asserted at trial that the videotape was relevant to illustrate the crime scene prior to the arrival of medical personnel. This included evidence not photographed by the still photographer, who arrived after medical personnel disturbed the scene, in an effort to ascertain the condition of the victim. Also, the videotape served to address a contested fact in the case involving blood found in elevator 4. The State asserted that "taking the body into elevator 2 is highly relevant in that it negates the possibility that the body or the personnel involved in [removing the body] could have caused the blood which was left in elevator number 4[.]"

The defendants are correct in asserting that "[e]vidence is relevant if it has a logical tendency to prove a fact in issue in the case[.]" *See State v. Sloan*, 316 N.C. 714, 343 S.E.2d 527 (1986). Recently, we reiterated the view that

> in a criminal case every circumstance calculated to throw any light upon the supposed crime is admissible and permissible. . . . It is not required that evidence bear directly on the question in issue, and evidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact. . . .

*State v. Jones*, 336 N.C. 229, 243, 443 S.E.2d 48, 54 (1994) (quoting *State v. Arnold*, 284 N.C. 41, 47-48, 199 S.E.2d 423, 427 (1973)). In the instant case, there was a question of fact regarding the presence of blood in an elevator in the cellblock in which the murder occurred. The defendants sought to undermine the State's case and enhance the defendants' theory of the case by suggesting that the blood in the elevator came from the removal of the body or from those charged with its removal. The primary means of refuting this suggestion was illustrative evidence indicating how the body was removed from the crime scene. In light of the contents of the videotape, the trial court determined correctly that the videotape was neither excessive nor cumulative evidence. *Hennis*, 323 N.C. 279, 372 S.E.2d 523. We find no error in the trial court's decision admitting the tape.

**[2]** The defendants next assign error to the court's exclusion from evidence of the fact that the victim had twice been convicted of murder. The court excluded this evidence on the ground it was irrelevant. The defendants' theory of the case was that Wendell Flowers, another inmate, had killed the victim because he was afraid the victim would kill him. Wendell Flowers testified to this effect.

The defendants say that this evidence should have been admitted under N.C.G.S. § 8C-1, Rule 404 which provides in part:

> (a) *Character evidence generally.*—Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> . . . .
>
> > (2)  Character of victim.—Evidence of a pertinent trait of character of the victim of the crime offered by an accused . . . .

The defendants contend this section makes admissible the evidence of the former crimes.

This section deals with character evidence. Assuming that the victim's character could be proved by evidence of crimes he had committed, which is doubtful under *State v. Corn*, 307 N.C. 79, 85, 296 S.E.2d 261, 266 (1982) and *State v. Adams*, 90 N.C. App. 145, 367 S.E.2d 362 (1988), the evidence is not pertinent. Neither of the defendants relied on self-defense or any other justifiable homicide, which would have made the victim's character pertinent. Evidence of the fact that the victim had been convicted of two murders, in support of their theory that Wendell Flowers had killed the victim, would be more prejudicial than probative after Mr. Flowers had testified he committed the murder. Mr. Flowers did not contend that he killed in self-defense. Evidence that the victim had been previously convicted of two murders would have added little credence to the claim that Mr. Flowers had killed the victim, but could have prejudiced the State's argument that the defendants had murdered the victim.

This assignment of error is overruled.

**[3]** In their final assignment of error, the defendants challenge the court's refusal to compel the State to reveal the name of a confidential informant. During the investigation of the case, an agent of the State Bureau of Investigation procured a search warrant based in part

on an affidavit in which the SBI agent said that an informant had told him he had seen the defendants and two other persons enter the victim's cell, that he heard noise inside the cell and that he saw the four men come out of the cell with one brandishing a knife or shank and another with blood on his shirt.

The defendants made a motion to compel the State to disclose the name of the informant, arguing that the affidavit showed he was an eyewitness to the crime and it was necessary for the defendants to know his identity in order to prepare their defenses. The court denied the defendants' motion but the prosecuting attorney agreed to furnish the defendants with the names of all witnesses he would call. The parties agree that the informant's name was among the names of the witnesses furnished to the defendants and the informant testified as to what was in the affidavit.

In *Roviaro v. United States*, 353 U.S. 53, 1 L. Ed. 2d 639 (1957), the United States Supreme Court held it was error not to order the Government to reveal the name of an informant when it was alleged that the informant actually took part in the drug transaction for which the defendant was being tried. The Supreme Court recognized the State has the right to withhold the identity of persons who furnish information to law enforcement officers, but said this privilege is limited by the fundamental requirements of fairness. It said that where an informant's identity is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause, the privilege must give way. The Supreme Court said:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 1 L. Ed. 2d at 646.

We have interpreted *Roviaro* in many cases. *See State v. Williams*, 319 N.C. 73, 352 S.E.2d 428 (1987); *State v. Watson*, 303 N.C. 533, 279 S.E.2d 580 (1981); *State v. Ketchie*, 286 N.C. 387, 211 S.E.2d 207 (1975); *State v. Moose*, 101 N.C. App. 59, 398 S.E.2d 898 (1990), *disc. rev. denied*, 328 N.C. 575, 403 S.E.2d 519 (1991); *State v.*

*Grainger,* 60 N.C. App. 188, 298 S.E.2d 203 (1982), *disc. rev. denied,* 307 N.C. 579, 299 S.E.2d 648 (1983). Relying on these cases, we hold that on the facts of this case it was not prejudicial error to deny the defendants' motion. Although the court did not order the State to reveal the identity of the informant, the State nevertheless furnished his name to the defendants when it gave them a list of the witnesses it would call. The defendants, by interviewing the State's witnesses, could have determined the identity of the informant. The defendants received substantially what they requested.

This assignment of error is overruled.

NO ERROR.